HENDERSON E. MASSEY

*v.*

THE FARMERS' NATIONAL BANK OF VIRGINIA.

*Filed at Springfield March 30, 1885.*

1.   EVIDENCE—*secondary evidence—generally.*   Where the existence of a deed or other writing is directly involved, whether as proof of the precise question in issue or of some subordinate matter that tends to establish the ultimate fact or facts upon which a case turns, such deed or other writing itself must be produced, or its absence accounted for, before secondary evidence of its contents is admissible.

2.   SAME—*reference by witness to deeds or other writings without producing them—as mere inducement to the material facts.*   A witness may, when testifying, for the purpose of making his statements intelligible and giving coherence to such of them as are clearly admissible, properly speak of the execution of deeds, the giving of receipts, the writing of a letter, and the like, without producing the writing referred to.   References to such writings as mere inducement to the material parts of the witness' testimony may be allowed.

3.   So where a father was sued upon a note given to a bank by his son, the father being surety, and he denied the execution of the note under oath, the

real issue being the execution of the note, his son, whose deposition was taken, was asked whether the note sued on was a renewal note, and this was objected to by the defendant unless the old note was produced.  He produced the same, and read from it the credits, and testified: "Paid, July 25, 1879, $275 and interest on note to date.  Paid, August 5, 1879, $1782.75 and interest on note to date.  That $1782.75 my father owed,—that is, *he gave me a deed to one hundred acres of land in 1866; told me to go to work on it, and improve it, and suit myself,* but had never given me a deed, and after he received notice from the bank in 1879, he goes to J. and deeds this one hundred acres of land away from me, with the exception of forty acres where the house and barn stand, and said to me and told me to give him a mortgage for $3000, and he would enable me to get a loan of $2000 on it, to pay upon this note.  He did that.  *I had to give him a mortgage for $3000,* while I never owed him a dollar in the world.  He did that to fix the bank so they couldn't get anything off of me, and he was going to put his property out of his hands, to avoid this note."  On objection, the court struck out the words in italics, and permitted the rest to be read:  *Held,* no error in allowing the balance of the answer to be read, the reference to the deeds being mere inducement to the other testimony.

4.  SAME—*irrelevancy.*  In an action against only one of several makers of a promissory note, who denied its execution on his part by plea properly verified, there is no error in refusing to allow the defendant to show that the signature of another one of the makers is not in his handwriting, there being no issue as to the execution of the note by the latter.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for the appellant:

As to the rule requiring the best evidence to be produced, or its loss accounted for, see *Cornwell* v. *Cornwell,* 91 Ill. 414; *Driver* v. *Ford,* 90 id. 595; *Cairo* v. *Mahoney,* 82 id. 73; *Rawson* v. *Curtis,* 19 id. 456; *Dowden* v. *Wilson,* 71 id. 487; *Snapp* v. *Hunt,* 24 id. 49; *Snapp* v. *Pierce,* id. 158; 1 Greenleaf on Evidence, 558.

The best evidences were the deeds and mortgages.  *Anderson* v. *Irvin,* 101 Ill. 595; *Ball* v. *Benjamin,* 56 id. 105; Wharton on Evidence, sec. 60.

The rule as to relevancy of testimony offered is, whether it tends to prove the issue in the case,—not that it proves it.

*Hough* v. *Cook*, 69 Ill. 581; *Rogers* v. *Brent*, 50 id. 587; *Slack* v. *McLagan*, 15 id. 251.

The court improperly refused proof that Laurie never executed the note. If the principal had put the name of Laurie upon the note without authority, proof of that fact would authorize an inference that the other name was also fraudulently put there. A witness may be impeached by proving contradictory statements, when the proper foundation has been laid, as to evidence too remote to be admitted if offered as direct testimony. *Root* v. *Wood*, 34 Ill. 283.

Messrs. Ketcham & Gridley, and Mr. L. H. Hatfield, for the appellee.

Mr. Justice Mulkey delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the Third District, affirming a judgment of the circuit court of Sangamon county, in favor of the National Bank of Virginia, and against Henderson E. Massey, for the sum of $6439.56. This same case was before us at the September term, 1882, on an appeal by the present appellant, when the former judgment was reversed and the cause remanded, on the ground the trial court permitted an improper question to be asked some of the witnesses. Since then the case has been again tried, resulting, as before, in a judgment for the plaintiff. The case, when here before, is reported in 104 Ill. 327, where will be found a full statement of the facts as they appear in the present record, hence it is not necessary to repeat them, except so far as may be necessary to an understanding of the questions of law now presented for determination.

The action below was upon a promissory note purporting to have been executed by Henry C. Massey, Henderson E. Massey and George W. Laurie. The suit was commenced against the three, but was subsequently dismissed as to Henry C. Massey and Laurie,—the former being the son and the

latter the son-in-law of the appellant. The note was given for money borrowed from the bank by Henry C. Massey. The appellant filed a plea, verified by affidavit, denying the execution of the note, and the cause was tried upon that issue, alone.

In appellant's argument, a number of reasons are assigned why the judgment should be reversed, all of which are based upon the rulings of the court in respect to the evidence, particularly the deposition of Henry C. Massey, which was taken in the cause on the part of the plaintiff. The point which seems to be chiefly relied on, arises upon a motion to suppress part of the answer to the following interrogatory: "You may state whether the note" (referring to the one sued on) "was a renewal note." Objection being made, unless the note was produced, the witness then, as we understand the record, produced it, and proceeded first to read the credits indorsed on it, the whole answer being as follows:

"Paid, July 25, 1879, $275 and interest on note to date. Paid, August 5, 1879, $1782.75 and interest on note to date. That $1782.75 my father owed,—that is, *he gave me a deed to one hundred acres of land in 1866; told me to go to work on it, and improve it, and suit myself,*" (objection by defendant,) "but had never given me a deed, and after he received notice from the bank in 1879, he goes to Jacksonville and deeds this one hundred acres of land away from me, with the exception of forty acres where the house and barn stand, and said to me and told me to give him a mortgage for $3000, and he would enable me to get a loan of $2000 on it, to pay upon this note. He did that. *I had to give him a mortgage for $3000,* while I never owed him a dollar in the world. He did that to fix the bank so they couldn't get anything off of me, and he was going to put his property out of his hands, to avoid this note."

The motion to suppress, so far as this answer is concerned, was expressly limited to so much of it "*as speaks of deeds*

*made."* The court, in passing upon the motion, followed its literal terms by ordering those parts of the answer which we have italicized, stricken out. It will be observed that while the remaining part of the answer contains the word "deeds," used as a verb, and also speaks of a deed *"never given,"* not a word is to be found about a "deed made," so that, construing the motion according to its literal terms, the court really sustained it, instead of denying it, hence there is no ground to complain. We are not inclined, however, to rest our decision of the question solely upon this view, but rather prefer to place it upon the broad ground that the general principle upon which appellant bases the objection,—namely, that the best evidence by which a fact is susceptible of being established must always be produced, or its absence accounted for,—has no application to the facts above stated. We fully recognize the rule that whenever the existence of a deed or other writing is directly involved in a judicial proceeding, whether as proof of the precise question in issue or of some subordinate matter that tends to establish the ultimate fact or facts upon which the case turns, such deed or other writing, itself, must be produced, or its absence accounted for, before secondary evidence of its contents is admissible. Yet, while this rule is fully conceded, it is also true that a witness, when testifying, may, for the purpose of making his statements intelligible, and giving coherence to such of them as are unquestionably admissible in evidence, properly speak of the execution of deeds, the giving of receipts, the writing of a letter, and the like, without producing the instrument or writing referred to. To hold otherwise would certainly be productive of great inconvenience, and in some cases would defeat the ends of justice. References to written instruments by a witness, for the purpose stated, are to be regarded as but mere inducement to the more material parts of his testimony. The present case well illustrates the principle in question. As remotely bearing upon the issue being tried,

the plaintiff sought to show the appellant had avowed a purpose not to pay the note,—that he had said he was going to put his property out of his hands in order to defeat the claim. Now this, under the issue, is the important part of the answer to the question, if, indeed, any of it can be so regarded. All, therefore, that was said about the deeding of the land, the giving of the mortgage, and getting the loan of $2000, we regard as mere matter of inducement to the more important part of the testimony. But even conceding appellant's view was correct to the full extent claimed, we would not feel at liberty to reverse this case a second time for the reason assigned. Two juries have decided against the appellant upon the same issue, and their finding has twice received the sanction and approval of both the lower courts, and we are satisfied the ruling complained of could have had no material agency or influence in bringing about the result reached upon the last trial.

Most all the other objections are of the same character of the one we have just considered, and, for the reasons stated, must be disposed of in the same way.

Again, it is claimed the court erred in refusing to permit appellant to show, by two witnesses tendered for that purpose, that the name of Laurie, as it appeared on the note, was not in his handwriting. There was no issue of that kind before the jury. What was sought to be proved might have been true, and the appellant, notwithstanding, liable. Nor was the evidence offered relevant for impeaching purposes, as is supposed. If the evidence had been allowed, the other side would have had the right to have met it by countervailing testimony, and thus the trial might have been protracted almost indefinitely, on an issue not involved in the pleadings.

In short, we see no substantial error in the record, and the judgment will therefore be affirmed.

*Judgment affirmed.*