## Century Parlor Furniture Company v. Harty Bros. & Harty Co.

### Gen. No. 13,822.

1. LANDLORD AND TENANT—*construction of lease providing for furnishing of power.* A lease by which a landlord agrees to furnish certain horse power for the running of a number of specified machines, includes only such machines as are specified, and the provision with respect thereto has no application to other machines subsequently installed, even though some of the original machines may have been at all times inactive.

2. VERDICT—*when slight evidence will sustain.* Evidence with respect to a fact peculiarly within the knowledge of the defendant, if slight, may sustain a verdict where such defendant has interposed no evidence with respect to such fact.

Action of covenant. Error to the Municipal Court of Chicago; the Hon. THOMAS B. LANTRY, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed April 30, 1908.

CLITHERO & BELL, for plaintiff in error.

BULKLEY, GRAY & MORE, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The writ of error here sued out calls for our review

18        APPELLATE COURTS OF ILLINOIS.

VOL. 141.]    Century Parlor Furn. Co. v. Harty Bros.

of a record of the Municipal Court culminating in a judgment against defendant below in favor of the plaintiff for $388.08 and costs.

Defendant argues, as grounds for reversal, under errors duly assigned, that the trial court erred in its construction of the clauses of the lease involved in this controversy, and that the judgment is excessive and contrary to the preponderant weight of the evidence.

The lease between the parties was for certain floor space and for steam power to move and keep in motion during nine hours of the secular days of the week fifteen machines specifically mentioned in the lease, and for this space and power service for these fifteen machines a certain fixed rental of $162.50 per month was named. For additional machinery added to defendant's plant an increased rental was provided. The clauses of the lease affecting the contentions argued are encompassed within the fourth and fifth. These clauses read as follows:

"Fourth. The party of the first part agrees to furnish to the party of the second part horse power for the operation of the following machinery: One 27″ single surfacer, One 36″ Sander, One 36″ band saw, one scroll-saw, one shaper, one trim-saw, one boring machine, one post boring machine, one 18″ jointer, one rip-saw, one swing saw, one serpentine shaper, one vertical sander, one cone sander, and one drum sander, for nine working hours each day between the hours of 7:30 o'clock A. M. and 5:30 o'clock P. M. Conditioned, however, that if power is furnished at any time beyond the times hereinabove specified, at the request of the second party, the second party shall pay to the party of the first part the cost of fuel and engineer for the operation and furnishing of power for such overtime. It being understood and agreed, however, that the party of the second part shall be entitled to operate its machinery at any time the party of the first part is operating its power plant for its own use, without cost to the party of the second part.

"Fifth.   It being mutually understood and agreed that the party of the first part is to furnish the necessary power to operate shaft and fan now in said premises.   The party of the first part further agrees to furnish, not to exceed five additional horse power on request of party of the second part, at a cost of four dollars per month for each horse power.''

Defendant, in July, 1906, without notice to plaintiff, and in fact without its knowledge, installed in the demised premises, and operated in its business, nine other machines.   When this fact came to the knowledge of plaintiff, it made a claim for increased rental, under the covenants of the lease.   Defendant repudiated liability for any more rental, insisting that under the terms of the lease it was entitled to have furnished horsepower sufficient to operate fifteen machines all the time, that in fact it never did keep in operation fifteen machines, not even after the nine new machines were added to those already installed. Defendant also insisted that it consumed no more horsepower after the installing of the new machines than it did before that time.   That the intention of the parties appears, from a construction of the lease and its various provisions, to have been that defendant at all times during the term of the lease was entitled to horsepower sufficient to operate fifteen machines, irrespective of the number of machines maintained by defendant upon the floor space leased. We cannot concede our assent to these contentions. The conceded facts, in the light of the covenants of the lease, are clearly contrary to these contentions. It is admitted that at no time anterior to the installing of the new machines were the fifteen machines set out in the lease kept in operation; that all of the time some of them remained inactive.   The covenant to rent the floor space and to furnish steam motive power at a fixed rental of $162.50 a month is clearly limited to the fifteen machines designated, the language of the lease being "agrees to furnish horse power for the operation of the following machines,''

20    Appellate Courts of Illinois.

Vol. 141.]    Century Parlor Furn. Co. v. Harty Bros.

naming fifteen. We have no right to enlarge the contract which the parties have made for themselves by a forced construction, or, as defendant invites us to do, to read into the contract conditions which are not found there. There is no covenant to furnish any limited number of horsepower. The covenants found in the lease are to furnish sufficient steam power to operate certain specifically named machines, and none other. Neither is the fact, if it be a fact, that numerically no more machines were actually operated after the enlargement of the number of machines than before, of any importance or significance. Such fact would not change in any degree the contractual relations of the parties.

We do not regard the covenants of the lease here involved as at all ambiguous; neither is there anything vague or uncertain in them. By clause four the covenant to furnish motive power was limited to fifteen machines, each specifically named. We think, in construing this covenant as excluding other machines from its operation, the maxim *expressio unius est exclusio alterius* is applicable and controlling.

There is no such uncertainty as to the meaning of either of these covenants calling for the application of rules of construction. They are plain, and the intent of the parties therefrom apparent, and, as said in Gibbs v. Peoples Nat'l Bank, 198 Ill. 312, ''Where an ambiguity appears and the intention is not clear, rules of construction are useful, but where a clear intention appears on the face of the instrument, they do not apply.''

While the evidence upon which the trial judge assessed damages was meager, and under some circumstances would be most unsatisfactory, still the evidence given was all that was within the reach of or attainable by plaintiff. How often or to what extent the nine new machines were operated, and the amount of horsepower energy used by them from the time they were installed until commencement of suit, were

all facts and conditions within the exclusive knowledge of defendant. It chose to keep silent, and offered no proof in diminution of damages. It is too late now to complain. We can do no better in illustration of this point than to quote the language of Mr. Justice Adams in Board of Trade v. Central Grain & Stock Exchange, 98 Ill. App. 212, that "When a party refuses to answer relevant questions, or to produce evidence in his possession or subject to his control, the presumption is that the testimony, if given, or the evidence, if produced, would be unfavorable to him." So in the case at bar we must construe the silence of defendant upon the question of damages as tantamount to a concession that if the facts known only to it, as to the quantity of horsepower energy consumed in the operation, from time to time, of the nine new machines, were divulged, the assessment of damages by the trial court would not have been diminished, but might have been increased.

We are satisfied that the merits of this case are with the plaintiff, and the judgment of the Municipal Court is therefore affirmed.

*Affirmed.*