# CHARLESTON.

McLain v. West Virginia Automobile Co.

Submitted September 12, 1912.    Decided September 30, 1913.

1. Livery Stable Keepers—*Keeper of Garage—Care of Automobile—Diligence.*
   The law enjoins on the keeper of a garage for hire the duty safely to keep an automobile left in his custody, and he is bound to the exercise of reasonable diligence and care to that end.

2. Same—*Keeper of Garage—Duties and Obligations.*
   A count in assumpsit charging a garage keeper with the duty to take due and proper care of an automobile left in his custody and safely and securely to keep, store and care for the auto-

mobile without damage or injury, does not charge a higher de-
gree of care than the law enjoins—reasonable or ordinary care,
to protect from injury.

3. DAMAGE—*Evidence—Pleading.*
   A smaller amount of damages or injury than that laid in
   the declaration may be proved.

4. LIVERY STABLE KEEPERS—*Garage Keepers—Diligence—Customs.*
   A custom of garage keepers contrary to the implied obliga-
   tion of reasonable care for safe keeping, arising in favor of an
   automobile owner by the storing of his car at a public garage,
   can not absolve the garage keeper from observance of such care.

5. SAME—*Garage Keepers—Custody of Car.*
   No garage keeper in the exercise of reasonable care can re-
   lease a car left in his custody to another than the owner, with-
   out the latter's order, expressed or reasonably implied.

6. MASTER AND SERVANT—*Torts of Servant—Scope of Employment.*
   A garage keeper can not leave the garage solely in the hands
   of a servant and then say that the latter's negligence in re-
   leasing a car to one without authority from the owner is beyond
   the scope of his employment.

Error to Circuit Court, Ohio County.

Action by W. H. McLain against the West Virginia Auto-
mobile Company. Judgment for plaintiff, and defendant brings
error.

*Affirmed.*

*James W. Ewing,* for plaintiff in error.

*J. B. Sommerville,* for defendant in error.

ROBINSON, JUDGE:

This is an action in assumpsit by the owner of an automobile
against a garage keeper, for damages arising from failure to
exercise due and proper care in the keeping of the automobile.

Plaintiff delivered his automobile to defendant for the ordi-
nary storage which owners and users of automobiles must neces-
sarily have. Defendant was to receive from plaintiff eight
dollars per month therefor. Thus defendant became a bailee
for hire, with the obligations pertaining to such relation.
Defendant's servant in charge of the garage at night, permitted,

one, who had no authority from plaintiff, to take the automobile out at two o'clock in the morning, and, on the "joy ride" which followed, the car was wrecked and broken to pieces. Plaintiff sought and has recovered the amount that he necessarily expended for the rebuilding and repair of the car.

The law applicable to the relation of the parties herein has been modernly stated: "The liabilities of the garage keeper depends upon his care of the automobile while it is in his custody. He is bound to exercise reasonable care and prudence in keeping the machine in a safe manner, and must furnish reasonably safe accommodations. Any damage caused to the machine while in his custody, resulting from the lack of reasonable diligence and care, renders the garage keeper liable for whatever injuries the machine may have sustained. The failure to exercise due care constitutes a breach of the contract of bailment." Huddy on Automobiles, section 243. "The garage keeper is not an insurer of the automobiles left in his charge to be cared for, but he is bound to use reasonable or ordinary diligence in their care and keeping to the end that they be not damaged or destroyed." Berry on Automobiles, section 207.

A demurrer to each of the two counts of the declaration was overruled. We are of opinion that the first count sufficiently states a cause of action, and, as the case was tried under that count wholly, it is unnecessary that we should consider the second count. It is true that the first count is not artfully drawn. It would have been well for the pleader in stating the case to have observed 2 Chitty on Pleading, 11th Amer. Ed., 341, 342. But we do not find the count susceptible to the criticism made that it charges defendant with a higher degree of care than the law implies. In a practical sense, the count, charging as it does defendant with the duty to take due and proper care of the automobile left in defendant's custody and safely and securely to keep, store and care for the automobile without damage or injury, does not charge a higher degree of care than the law enjoins—reasonable or ordinary care to protect from injury.

A bill of particulars had been filed. It was proper to permit proof under it of the cost of the repairs to the automobile made necessary by defendant's want of care, though the declaration averred that the automobile was "wholly lost to plaintiff." A

smaller amount of damages or injury than that laid in the declaration may be proved. 1 Chitty, section 339.

It was not error to exclude defendant's offer to prove the custom of garage keepers with reference to the care of automobiles in their custody and in respect to the surrender of such automobiles to chauffeurs or employees of the owners. In this case the contract arose from the relation of the parties. There was no conflict as to what that contract was. It was merely such as the law implied. A custom of garage keepers, to which plaintiff was no party, could not change the contract which the law established in his behalf. That law, of course, forbade such negligence in the garage keeper as the permitting of the car to leave the garage in the hands of one having no authority to take it. Such custom as defendant evidently sought to prove would have been a direct violation of the implied contract which called for reasonable care in the safe keeping of the automobile. It is not ordinary or reasonable care for one charged with the safe keeping of an automobile in a garage to allow it to go out on the road in the hands of a third party without the owner's consent. There may be a custom of surrendering automobiles at garages to chauffeurs of the owners, but the question of the authority of a chauffeur to take his employer's car from the garage is another matter.

The party who was permitted by defendant to take plaintiff's car out had in fact no authority to do so. As to this point there is indeed no conflict in the evidence. But defendant sought to excuse itself by showing that the party had apparent authority to run the car because the latter had instructed plaintiff in its use on several occasions about two months previous. The evidence adduced is not sufficient to excuse defendant from the want of reasonable care in releasing the car. No garage keeper in the exercise of reasonable care can let out cars on such slight appearances of authority as is disclosed in this case. The only surrender of a car that the garage keeper can rightfully make is on the order of the owner, expressed or reasonably implied. No reasonable implication of authority arose in this instance. Indeed the employee in charge of the garage at the time virtually admits that he knew of the want of authority from plaintiff. He was the sole representative of

defendant, charged with responsibility in its behalf. The court rightly refused the instruction asked for by defendant, tend-'ing to absolve it on the theory of apparent authority in the party to whom it released plaintiff's automobile.

Another instruction sought by defendant and refused would have submitted to the jury the proposition that defendant was only liable for the negligent acts of its servants when they were acting within the scope of their employment. If the instruction meant to refer to the servant in charge of the garage, the refusal was proper; for, it was surely within the scope of the employment of that servant to prevent cars from leaving the garage in the hands of those not authorized to take them. The garage keeper can not leave the garage solely in the hands of a servant and then say that his negligence in letting a car out is beyond the scope of his employment. That would leave the garage without anyone to protect cars; in itself it would be want of reasonable care. But if the proposed instruction meant to refer to another servant of defendant who accompanied the party that took out the car without authority from plaintiff, its refusal was proper because an instruction which was given for defendant concretely covered the point.

An order will be entered affirming the judgment.

*Affirmed.*