[Civ. No. 3689. Second Appellate District, Division Two.—December 27, 1922.]

E. MEHESY, Respondent, v. MISSION GARAGE (a Corporation), Appellant.

[1] BAILMENT—CONTRACT FOR STORAGE OF AUTOMOBILE—DAMAGES—DELIVERY TO UNAUTHORIZED PERSON—SUFFICIENCY OF EVIDENCE.—In this action against a corporation operating a public garage for damages to plaintiff's automobile while it was being driven by a third person, the evidence supports the finding that the delivery of the machine to such person by the defendant was unauthorized and in violation of the contract of storage under which the automobile was kept in the garage.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Swaffield & Swaffield for Appellant.

David R. Faries, Ivan Kelso, John R. Berryman, Jr., and J. Allen Davis for Respondent.

WORKS, J.—This is an action for damages. Defendant, as its name implies, operates what is known as a public garage. Plaintiff engaged defendant to keep his automobile in its garage when the car was not in use, plaintiff to pay a monthly storage charge or fee for the service to be rendered. The obligation of defendant under the contract between the parties is shown by the uncontradicted testimony of plaintiff, as follows: "I told him," an employee of defendant, "that I wanted the car left there and no one except myself or my wife or anyone that she brings in to drive the car for her when I am not there— . . . I didn't want anybody else to use that car while I was not using it unless authorized by Mrs. Mehesy or someone with her. I made that statement to Mr. Wooten," the employee. On a cer-

1. Duty and liability of garage-keepers to owners of cars, notes, Ann. Cas. 1913E, 835; Ann. Cas. 1915D, 957; 15 A. L. R. 681; 45 L. R. A. (N. S.) 314; 48 L. R. A. (N. S.) 561.

tain occasion, one Baker, a night man then in sole charge
of the garage, permitted one Kohler to take the car from
the place. It was damaged before its return to the garage,
and it was to recover for this damage that the action was
commenced. Plaintiff had judgment, and defendant appeals.

[1] The first point made by appellant is that the evi-
dence was insufficient to support a finding of the trial
court to the effect, as stated in appellant's brief, "that in
breach" of the agreement between the parties "appellant
wrongfully permitted Kohler to take the automobile from
the garage on the occasion it was damaged." The objec-
tion to this finding is twofold, the first assault being upon
the ground that "the evidence was insufficient to establish
that Kohler was not authorized by respondent to take the
automobile from the garage." The point is thus stated by
appellant in order to attract attention to its view that the
burden of proof was upon the respondent to show that Koh-
ler did not possess the authority mentioned, and not upon
appellant to show affirmatively that he did possess it. We
proceed to discuss the question presented upon the theory
that appellant's statement of this rule of evidence is cor-
rect. We state by way of premise, however, that, as is the
case whenever it is contended on appeal that a finding is not
supported by the evidence, the finding now in question must
be upheld if there is in the record any evidence substan-
tially tending to support it. What, then, was the evidence?
Respondent testified: "I had not given Mr. Kohler any per-
mission to take the car out. He never had the authority to
take it out at any time and I never told anyone at the gar-
age that they might allow Mr. Kohler to take the car out."
As to respondent's wife, who also had authority under the
contract of storage to designate persons who might take the
automobile from the garage, all the evidence in the record
upon the present subject is in the testimony of Baker,
neither Mrs. Mehesy nor Kohler having been called to the
stand. Baker's testimony shows that he had been em-
ployed at the garage but a short time when he first met Mrs.
Mehesy. His introduction to her occurred but about two
days before he permitted Kohler to take the car from the
garage. He was introduced to Mrs. Mehesy by Wooten,
who had then left his employment in the garage, Wooten
remarking at the time of the introduction that Mrs. Mehesy

"was after a driver" for the car. She and Wooten then drove the car out of the place. Later that same night the vehicle was driven up to the garage, Kohler being at the wheel and Mrs. Mehesy sitting on the front seat with him. After a question addressed to Baker, the two drove away. In five or ten minutes Kohler returned with the car, unaccompanied, and put it into its place. About two days later, and upon the occasion when the automobile was taken from the garage and damaged, Kohler came to the place alone and asked for the car. Baker permitted him to take it, although he testified, "When I let Kohler take the car I had no instructions or permission from anyone to deliver the car to Mr. Kohler." We think all this evidence, taken together, furnished substantial support to the proposition that Kohler had no authority to take the car from the garage. The statement of Baker, quoted immediately above, was only his conclusion, it is true, but when it is taken with the other evidence upon the question, all coming from the man who permitted the automobile to be driven from the garage, a situation is presented which is sufficiently clear to us, even though the burden was upon respondent to show that Kohler had no authority to take the car.

The second attack upon the finding now under examination is made under the head, in appellant's brief: "Assuming, but not admitting, that Kohler was not authorized by respondent, . . . or by Mrs. Mehesy, . . . to take the automobile on the occasion it was damaged, the evidence was insufficient to show that appellant failed to exercise ordinary care in the keeping, care and preservation of the automobile." The point now made by appellant is based upon the fact that the trial court found that the engagement of appellant was not to keep respondent's car safely, "except that it is true [that] . . . defendant agreed and undertook to use ordinary care and prudence in the keeping, care and preservation of said automobile." Upon the assumption with which appellant opens the statement of his point, that is, that Kohler was not authorized to take the automobile from the garage, we do not see how the proposition can be said to possess merit. We cannot perceive that the question of ordinary care can be of interest in the case if Kohler was not authorized to take the car, for when Baker permitted him to take it a plain and simple breach of the

contract of storage was committed by appellant, through
Baker as its agent, and the fact of the breach was found
by the trial court, as already shown. It surely cannot be
said that ordinary care is exercised in the keeping of an
automobile under such a contract as was made here if that
contract is breached by a delivery of the car to a stranger.
We have no doubt that the trial court, after finding that
the contract required only the exercise of ordinary care by
respondent, intended the finding that the contract had
been breached as a finding that such care had not been
exercised. At any rate, to our minds, the finding so oper-
ates. It would be difficult to imagine a stronger case of
lack of exercise of such care. It is not to be forgotten, of
course, that the opening words of appellant's proposition
have ceased to operate merely as an assumption, conceded
by appellant only for the purpose of argument, this be-
cause of the views expressed by us in the paragraph next
preceding the present one.

The only remaining point made by appellant is that the
evidence was insufficient to "justify a finding of substan-
tial damages in favor of respondent." Baker testified that
Kohler drove the car out of the garage upon the occasion on
which it was taken out and damaged. In truth, that he did
so is not questioned. This, of course, shows that the car
could at least be operated at that time. Also, respondent
testified that he left the car at appellant's garage upon the
day on which later Kohler took it out and that it was then
in good condition. Kohler did not return the car, but the
undisputed evidence is that it was on the next day "towed"
by other parties into a garage other than that of appellant.
Respondent testified that he saw the car when it was being
towed in and that then "The top was broken in and the
body was smashed up and the wheels broken off." The evi-
dence which we have noted was amply sufficient to show that
the car was substantially damaged. The manner in which
this point is presented does not justify us in assuming that
appellant intends to assail the finding of the trial court as to
the amount in dollars in which the automobile was damaged.
We are willing, however, because of some things said in ar-
guing the point actually presented, to go so far as to make
the assumption. Still, we do not feel, considering the na-
ture of the question really made, that it is incumbent upon

us to do more than make the assertion that the finding of the court as to the amount of damage is supported by evidence found in the record.

Judgment affirmed.

Finlayson, P. J., and Craig, J, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1923.

All the Justices concurred.