RUTH M. JUDGE, PLAINTIFF-APPELLEE, v. HARRY STARR, HYMAN SILVERMAN, SAMUEL KANENGISER AND K. S. S. REALTY COMPANY, DEFENDANTS-APPELLANTS.

Decided March 1, 1927.

**Bailment—Storage of Automobile—Owner Directed Garage Keeper to Let No One Take Car Except Owner or Sister— Neither Owner Nor Sister Took Car—Car was Taken Out and Injured—These Facts Support Proof of Breach of Contract For Which Defendants are Answerable.**

On appeal from the Second Judicial District Court of Hudson county.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellants, *Melosh, Morten & Melosh.*

For the appellee, *William George.*

PER CURIAM.

The defendants appeal from a judgment rendered against them in the court below in favor of the plaintiff for the sum of $119 as damages, and $11.65 costs.

On the 15th day of November, 1925, the plaintiff rented of the defendants space in their garage for the storage of her Buick automobile, which was newly bought and in good condition; that at the time she rented the space she left instructions with the manager of the garage to permit no one to take the car out except herself and her sister, Grace Ford; that her sister never took out the car, unless she, the plaintiff, was with her; that she took the car out in the evening of November 15th, 1925, her brother-in-law, Mr. Ford driving the car; that the car was brought back to the garage in good condition; that from that evening until four days later, on November 19th, she did not see the car, until she went to the garage to take the car out, and her testimony

relating to this incident is as follows: "It was in perfect condition so far as I knew, because I sat in the car and as my sister sat in the car to drive it out for me and the mechanic now in court rushed up to her and said she could not take the car out, because she had been in an accident and that was the first knowledge we had that there had been an accident." That the plaintiff upon examining the car found that the left front mudguard had a decided dent in it and the two front tires were completely worn down to the fabric. The trial judge's finding on the evidence was that there was a failure to exercise that degree of care upon the part of the defendants sufficient to rebut the presumption of negligence and gave judgment for the plaintiff as above stated.

The only two grounds relied on and argued in the brief of counsel of appellant are: 1. That there are no facts supporting the finding of negligence. 2. That there was no competent evidence as to the damage submitted.

Neither of these contentions seems to be sound. The contract of storage was that the automobile was not to be taken out of the garage without the permission of the plaintiff. No such permission had been given by the plaintiff. That the automobile was taken out of the garage without permission of the plaintiff and damaged is not fairly open to dispute. There was therefore proof of a breach of the contract of storage by the defendants for which breach the defendants are answerable. The motion for a nonsuit was therefore properly denied. We think the facts of the present case fall within the reasoning of Mr. Justice Swayze, speaking for this court in *Corbett* v. *Smeraldo,* 91 *N. J. L.* 29 (at *p.* 30); 102 *Atl. Rep.* 889.

In *Jackson* v. *McDonald,* 70 *N. J. L.* 594, the general legal principle is laid down that where chattels are delivered to a bailee in good condition and are returned to the bailor in a damaged state, the law will presume the negligence of the plaintiff to have been the cause. In the cited case, a mare in sound condition when delivered for hire to the defendant was later in the day returned by the defendant to the owner suffering from a fracture of the illium of the left leg and

the owner was permitted to recover his damages from the defendant on the ground that the injury to the mare, in the absence of exculpating circumstances, will be presumed to have resulted from negligence.

The ground of appeal, that there was no competent evidence of the damage sustained by the plaintiff, is without substance. An expert automobile mechanic who, after qualifying as such, testified as to his knowledge of the cost of repairs and of parts of automobiles; that he had examined the automobile in question, and estimated the reasonable cost of necessary repairs to it at $119, for which sum judgment was given.

Judgment is affirmed, with costs.