FEDERAL INSURANCE COMPANY, Appellant, *v.* HERBERT LINDSLEY,
Doing Business as HERBERT'S GARAGE, Respondent.

Supreme Court, Appellate Term, First Department, April 26, 1928.

**Bailment — liability of bailee — action arising from theft of automobile from defendant's garage — concession that vehicle was stolen from garage did not destroy plaintiff's prima facie case — burden was on defendant to show loss of car was not occasioned by his negligence.**

In this action, arising from the theft of an automobile from defendant's garage, the mere concession that the vehicle was stolen from the garage did not destroy plaintiff's *prima jacie* case.

Since the burden of showing the circumstances of the loss rests upon the bailee, he is held responsible for the breach of his contract to return the property in the event he fails to show the exercise of due care.

MOTION by plaintiff for reargument or for leave to appeal to the Appellate Division.

*Emmet, Marvin & Martin* [*George W. Martin* of counsel], for motion.

*Louis H. Robinson,* in opposition.

PER CURIAM. While the dismissal of the complaint seems warranted by the opinion in *Claflin* v. *Meyer* (75 N. Y. 260), it was subsequently held in *Ouderkirk* v. *Central National Bank* (119 id. 263) that the burden of showing the circumstances of the loss of the property rests upon the bailee, and unless the evidence shows the exercise of due care by him according to the nature of the bailment he will be held responsible for the breach of his contract to return the property bailed; and in *Stewart* v. *Stone* (127 N. Y. 500) that the *prima facie* case made out by failure to return the property bailed on demand may be overcome when it is made to appear that the loss was occasioned by some misfortune or accident not within the control of the bailee. (See, also, *Greenberg* v. *Mermelstein,* 188 N. Y. Supp. 250; *Hobbie* v. *Ryan,* 130 Misc. 221.)

It follows that the mere concession that the automobile was stolen from defendant's garage did not destroy plaintiff's *prima facie* case, and it was error to dismiss the complaint.

Motion for reargument granted, order of this court dated March 13, 1928 vacated, judgment reversed and a new trial ordered, with costs to appellant to abide the event. Motion for leave to appeal to the Appellate Division dismissed.

All concur; present, LYDON, LEVY and CRAIN, JJ.