POLLY SHOPPE, INC., v. BLAISE

---

(May 11, 1931. Opinion and Decree.)

---

Sanders, Baldwin, Viosca & Haspel, of New Orleans, attorneys for plaintiff, appellee.

Rosen, Kammer, Wolff & Farrar, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff alleges that it stored a delivery automobile with the defendant, the operator of a storage garage, and paid a monthly charge therefor;

that it instructed the defendant's employees not to permit the car to be taken out of the garage at night without specific instructions; that on Saturday, June 14, 1930, petitioner's colored driver, Mathews Curtis, brought the delivery truck to defendant's garage at 6:45 p. m., and that, on the same night and contrary to plaintiff's instructions, the car was delivered to Curtis for his personal pleasure at about 10 p. m.; that after becoming intoxicated Curtis wrecked the car at about 4 a. m. on Sunday, June 15th, causing damage to the extent of $150, for which this suit was filed.

Defendant admitted that the car had been placed in its garage as stated in the petition and that it had been removed by Curtis and damaged, but denied receiving the instructions which plaintiff claims to have given him.

There was judgment below in favor of plaintiff and defendant has appealed.

On the question of fact as to whether or not the instructions were given concerning the delivery of the car, we find, without discussing the evidence in detail, that the car was delivered to the negro chauffeur contrary to the instructions which plaintiff had given defendant's employees in charge of the garage.

The further contention of defendant is that this is a suit for an alleged breach of contract and that under article 1934 R. C. C. where the object of a contract is anything but the payment of money, the damages due to the creditor are the amount of loss which he has sustained and that where no fraud or bad faith is involved such liability can only be for such damages as were contemplated or may be reasonably supposed to have entered into the contemplation of the parties at the time of the contract and, that consequently, no recovery can be had in this case because the wrecking of the car could not reasonably be contemplated as a result of the breach of the contract.

Plaintiff contends that the case is controlled by the law of bailment and that the misdelivery of the automobile amounted to nondelivery or conversion, citing 6 Corpus Juris, page 1143; Kowing v. Manly, 49 N. Y. 192, 10 Am. Rep. 346; Mayer v. Brensinger, 180 Ill. 110, 54 N. E. 159, 72 Am. St. Rep. 196; Gulf & Ship Island R. R. Co. v. Sutter Motor Company, 12 La. App. 495, 126 So. 458; Weis v. Pan-American Petroleum Corporation, 12 La. App. 661, 126 So. 90.

We have held that a keeper of a storage garage is a bailee for hire and responsible for damage to an automobile left with him in storage when occasioned by his negligence. Gulf & Ship Island R. R. Co. v. Sutter Motor Co., supra, and Weis v. Pan-American Petroleum Corporation, supra. The car involved here was commonly used in the daytime for delivering merchandise sold by plaintiff, and stored at night. Except on rare occasions when specific instructions to that effect were invariably given, it was not used at night. When defendant permitted plaintiff's negro chauffeur at 10 o'clock on Saturday night to remove the car, without special authority, he was guilty of negligence and breached his contract of bailment which required him to keep and return the automobile to its owner. He must be held responsible for his failure to comply with his obligation.

It is admitted that plaintiff suffered the amount of damages sued for.

For the reasons herein assigned the judgment appealed from is affirmed.