MONTANA LEATHER CO., APPELLANT, *v.* COLWELL, RESPONDENT.

(No. 7,183.)

(Submitted February 3, 1934. Decided February 23, 1934.)

[30 Pac. (2d) 473.]

*Messrs. Pope & Garlington* and *Mr. W. J. Burke,* for Appellant, submitted a brief; *Mr. Burke* and *Mr. J. C. Garlington* argued the cause orally.

No appearance on behalf of Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, the owner of a Buick automobile, stored it with defendant, the operator of a storage garage, and paid, or agreed to pay, a monthly charge therefor. The contract of storage was made by John MacPherson, secretary and treasurer of plaintiff corporation, who testified that his contract covered the storage of three cars, a Ford, a Dodge truck, and the Buick. He testified that his instructions to defendant were: "This truck driver of mine, Jimmy White, he drives the Dodge truck, and Frank Shea drives the Ford, and I drive the Buick. There is nobody else to have these cars out."

Defendant testified that the instructions from MacPherson as to who had authority to receive the cars were that they could be delivered to a couple of salesmen and a truck driver as well as to MacPherson.

On February 14 or 15, at about 1 A. M., an unidentified stranger called at defendant's garage and asked for the Montana Leather Buick. An employee of defendant pointed the car out to the stranger, who thereupon drove it away. The car was then in good condition. The stranger was a well-dressed man, and further than that he has never been identified. The car was later found in a damaged condition, and in this condition returned to plaintiff. This action was brought to recover the sum of $666.11 as damages done to the car, together with other incidental expenses.

The evidence disclosed, without conflict, that defendant's employee did not know the man to whom he delivered the Buick. He had never seen him before, and has not seen him since. He knew it was not MacPherson. He made no inquiries as to his authority to receive the car. An employee of defendant other than the one who delivered the Buick to the stranger, testified that he did some work on the Buick the afternoon preceding the night it was damaged, and that there was then no switch key in the car. The cost of repairing the car was shown to amount to $569.21. This was undisputed. When MacPherson stored the cars with defendant, he did not then or thereafter introduce to defendant his truck driver or salesmen.

At the close of all the evidence plaintiff moved for a directed verdict in the sum of $569.21. The motion was denied. The jury returned a verdict for defendant. Plaintiff's motion for new trial, submitted to the court without argument, was denied. Plaintiff appealed from the judgment.

Several questions are presented by the assignments of error; but, in the view we take of the case, only one, the sufficiency of the evidence to warrant submission of the case to the jury, need be considered.

In this state a bailee for hire must use at least ordinary care for the preservation of the thing hired (sec. 7661, Rev. Codes 1921); and, if the goods when placed in storage are in good condition, and are returned in a damaged condition, the presumption is that the bailee was negligent; and, in

an action for damages by the bailor against the bailee, the burden is placed upon the bailee to prove that he used due care. (*Shropshire* v. *Sidebottom,* 30 Mont. 406, 76 Pac. 941.)

The parties to the bailment contract may make a special ■ contract with reference to who is authorized to receive the property. In such a case delivery to one not authorized to receive the property, resulting in damage to it, constitutes negligence and a breach of the contract, for which a recovery may be had. Thus in *Mehesy* v. *Mission Garage,* 60 Cal. App. 275, 212 Pac. 643, 644, the court had this to say: "We cannot perceive that the question of ordinary care can be of interest in the case if Kohler was not authorized to take the car, for when Baker permitted him to take it a plain and simple breach of the contract of storage was committed by appellant, through Baker as its agent, and the fact of the breach was found by the trial court, as already shown. It surely cannot be said that ordinary care is exercised in the keeping of an automobile under such a contract as was made here if that contract is breached by a delivery of the car to a stranger. We have no doubt that the trial court, after finding that the contract required only the exercise of ordinary care by respondent, intended the finding that the contract had been breached as a finding that such care had not been exercised. At any rate, to our minds, the finding so operates. It would be difficult to imagine a stronger case of lack of exercise of such care."

To the same general effect are *Cascade Auto Co.* v. *Fetter,* 72 Colo. 570, 212 Pac. 823; *Potomac Ins. Co.* v. *Nickson,* 64 Utah, 395, 231 Pac. 445, 42 A. L. R. 128; *Willis* v. *Jensen,* (Utah) 22 Pac. (2d) 220; *Central Meat Market* v. *Longwell's Transfer, Inc.,* (Tex. Com. App.) 62 S. W. (2d) 87; *Polly Shoppe* v. *Blaise,* 16 La. App. 553, 134 So. 440; *United States* v. *Whited & Whited,* (D. C.) 1 Fed. Supp. 589; *Weinberger* v. *Werremeyer,* 224 Ill. App. 217; *Byalos* v. *Matheson,* 243 Ill. App. 60; Id., 328 Ill. 269, 159 N. E. 242; *Employers' Fire Ins. Co.* v. *Consolidated Garage & Sales Co.,* 85 Ind. App. 674, 155 N. E. 533; *Morgan Millwork Co.* v. *Dover Garage Co.,* 7 Boyce (30 Del.), 383, 108 Atl. 62; *Judge* v. *Starr,* 5 N. J. Misc. 283,

136 Atl. 413; *McLain* v. *West Virginia Automobile Co.*, 72 W. Va. 738, 79 S. E. 731, Ann. Cas. 1915D, 956, 48 L. R. A. (n. s.) 561; *Dietrich* v. *Peters*, 28 Ohio App. 427, 162 N. E. 753; *Gordon* v. *Gershman*, 95 Pa. Super. Ct. 43; *Federal Ins. Co.* v. *Lindsley*, 132 Misc. 54, 228 N. Y. Supp. 614.

Here there was no claim that the Buick car was delivered to a person authorized by plaintiff to receive it. Defendant attempts to distinguish between this case and those above cited, on the ground that, as he contends, there was no special contract with reference to who should receive the car. The evidence shows without dispute that there was a special contract. The terms of the contract were in dispute. But accepting defendant's version of it, it was only to be delivered to a couple of salesmen, the truck driver, or Mr. MacPherson. Defendant made no showing that it was delivered to any one of these persons. The burden was on defendant to show that the person to whom the car was delivered had either express or implied authority from plaintiff to receive it. There was no proof of such authority.

The evidence did not present any conflict on a material matter warranting submission of the case to the jury. Much stress is laid upon the fact that whoever received the car had a key for it. This fact cannot aid defendant any more than if the stranger had presented a forged storage ticket. Some of the above-cited cases hold that this would not absolve defendant from liability.

The court erred in denying plaintiff's motion for a directed verdict. The judgment is reversed and the cause remanded, with direction to enter judgment for plaintiff for the sum of $569.21 with interest and cost.

Mr. Chief Justice Callaway and Associate Justices Matthews, Stewart and Anderson concur.