SPERRY DORALL, Plaintiff and Respondent, v. JOHN
DAVIS, Defendant and Appellant.
No. 10164.
Submitted January 27, 1961. Decided March 13, 1961.
As Amended March 15, 1961.
360 P.2d 409.

Joseph P. Hennessey, Billings, argued orally for defendant-appellant.

Berger, Stotesbury, & Moe, Peder Moe, Jr., Billings, for plaintiff-respondent. Peder Moe, Jr., argued orally.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

This action arose out of an agreement between plaintiff and defendant entered into in April 1957 for the pasture of cattle. The cattle were owned by defendant, and plaintiff was to pasture and care for them.

It was agreed that plaintiff and defendant would share equally in the calf crop. Plaintiff was to receive a fixed price per head per month for dry cows, heifers and steers, the particular details of which need not be recited here. The agreement was to extend for one year with the right of renewal on the part of the defendant from year to year during 1958 and 1959. In March 1958 the contract was modified so as to divide the increase on the basis of fifty-five percent to plaintiff and forty-five percent to defendant. The contract was extended to April 9, 1959.

In November 1958, defendant moved the cattle to another place. He sold the calf crop but according to plaintiff's contention, failed to pay to plaintiff his share as provided in the contract and also failed to pay all the money due for the pasturage up to the date they were removed, and failed to pay the pasturage for the remainder of the term of the contract. The complaint seeks recovery of these amounts aggregating $1,-318.58.

Defendant's amended answer was a general denial and a cross complaint.

The cross complaint alleged that plaintiff negligently allowed a bull of the reasonable value of $350 to die and also a cow of the reasonable value of $225; that plaintiff negligently allowed a cow of the value of $225 to become lost; that he allowed three calves to die worth $100 each; that the contract required plaintiff to keep the brand of any cattle that may die but plaintiff failed to do so; that defendant was damaged to the extent of $500 because he was given the small calves or runts, whereas, plaintiff received the large ones; that pursuant to the contract, defendant furnished two bulls to be put with the cows but that plaintiff failed to place twenty of the cows with the

bulls, and as a consequence twenty of the cows failed to have calves to the damage of defendant in the sum of $3,000.

The cross complaint sought $4,650 as compensatory damages and $5,000 as exemplary damages. The cause was tried to the court sitting with a jury. The jury found for plaintiff in the sum of $1,241.08 and ordered interest to be paid on $1,017.33 from November 7, 1958.

The court modified the verdict by computing interest on the sum of $1,017.33 from March 26, 1959, instead of from November 7, 1958, as that was the date from which interest was claimed in the complaint. Judgment was entered accordingly from which defendant has appealed.

Defendant assigns error in refusing to give to the jury certain offered instructions.

Three of these offered instructions related to the duty of a bailee for hire and the measure of care required of such a bailee.

Other instructions given by the court adequately covered these subjects and were in line with the statutory duty found in section 20-302, R.C.M.1947, and as stated in Shropshire v. Sidebottom, 30 Mont. 406, 76 P. 941; Montana Leather Co. v. Colwell, 96 Mont. 274, 30 P.2d 473; and Rice Oil Co. v. Atlas Assur. Co., 9 Cir., 1939, 102 F.2d 561.

Defendant next predicates error in refusing his offered instruction reading as follows:

"You are instructed that the Plaintiff, Sperry Dorall in this case, was required to place the bulls owned and furnished by the defendant, John Davis, with the Heifers of the defendant, John Davis, and if you find that he failed to do so, and if you further find that John Davis did not realize his expected calf crop, then you must award damages to the defendant, John Davis, on his Cross Complaint in an amount sufficient to compensate him for the loss of his calf crop."

The court did instruct the jury as follows:

"The defendant has alleged that he furnished two bulls and that the plaintiff did not place them with the cattle and that as a result he had 20 dry cows; the burden of proof is upon him to show this fact and his damages, if any, resulting therefrom."

The court did not err in refusing to further instruct the jury on that point.

Defendant's next contention is that the court erred in refusing his offered instruction reading:

"You are instructed that if the plaintiff, Sperry Dorall, requested or in any manner induced the defendant, John Davis, to move his cattle before the expiration of the term of the contract then said plaintiff, Sperry Dorall, has broken said contract and cannot collect for the full term of the contract; you are further instructed that if you so find then the plaintiff, Sperry Dorall, is liable for all damages, such as the cost of moving the stock, suffered by the defendant, John Davis."

The offered instruction was properly refused because the latter part of it dealing with the cost of moving the cattle was not pleaded and hence, was not a proper subject of recovery by defendant. The objection to the offered instruction specifically pointed out this erroneous feature of the instruction. A requested instruction, erroneous in part, is properly excluded, Meinecke v. Skaggs, 123 Mont. 308, 213 P.2d 237, and this is true even though part of the instruction may have been proper. Bogovich v. Chicago M., St. P. & P. Ry., 122 Mont. 312, 203 P.2d 971.

Defendant complains that the court refused to give his offered instruction No. 5 reading:

"You are instructed that in the agreement between Sperry Dorall and John Davis that Sperry Dorall is liable for the full value of all cattle lost and if you find that some of the cattle were not accounted for then you must award John Davis the defendant damages for the value of said cattle; you are further instructed that if the plaintiff, Sperry Dorall, did not keep and present to the defendant, John Davis, the brands of cattle he

claims have died then the presumption is that they are lost and you must find your verdict in favor of the defendant, John Davis, on his cross complaint."

Other instructions fully instructed the jury on this feature of the case and defendant was in no way prejudiced by the court's refusal to give this offered instruction.

Defendant next contends that the court's definition of the phrase "preponderance of the evidence" was improper because it fails to take into consideration the conduct and demeanor of the witnesses, their interest or lack of interest, and the probability or improbability of their testimony. Other instructions covered these questions and the jury was told to consider the instructions as a whole. The court did not err in giving the instruction in question defining "preponderance of the evidence".

Complaint is made of Instructions Nos. 16 and 17 offered by the plaintiff. These were stock instructions predicated upon the rule of law stated in section 93-401-1 and were properly given.

Defendant complains of other instructions given. We have given consideration to these contentions but find them without merit. While no assignment of error is made questioning the sufficiency of the evidence to support the verdict, some argument to that effect appears in the brief. It is sufficient to say of this contention that on the material points in the case, the evidence was conflicting. There is substantial evidence supporting the verdict.

We find no ground upon which to disturb the verdict and judgment.

The judgment is affirmed.

CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES, and JOHN C. HARRISON concur.