SHROPSHIRE, RESPONDENT, *v.* SIDEBOTTOM, APPELLANT.

(No. 1,889.)

(Submitted April 27, 1904. Decided May 23, 1904.)

*Bailment—Duty of Bailee for Hire—Burden of Proof—Appeal—Record—Instructions.*

1.  In the absence of a special contract with reference to the bailment, ordinary care only is required of a bailee for hire.

2. In an action against a bailee for hire for failure to redeliver the article as agreed, it having been lost, he has the burden of showing he used ordinary care.
3. *Obiter*: Where the bailor alleges negligence on the part of the bailee as the basis of the bailor's right to recover, the burden is on the bailor to prove such allegation.
4. A pasture, in which a bailee for hire of horses put them, and from which they escaped, is in law not inclosed at all, it not being wholly inclosed by a good and sufficient fence.
5. Instructions not being made part of the judgment roll are not open to review.

*Appeal from District Court, Silver Bow County; J. B. Mc-Clernan, Judge.*

Action by J. S. Shropshire against R. B. Sidebottom. Judgment for plaintiff. From an order overruling his motion for a new trial, defendant appeals. Affirmed.

*Mr. M. E. Le Blanc,* and *Mr. J. Bruce Kremer,* for Appellant.

*Mr. Dan Yancey,* for Respondent.

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

This is an appeal from an order overruling defendant's motion for a new trial.

The plaintiff left with the defendant two horses, one of which the defendant agreed for a consideration to break to drive. The other horse was simply to be kept by defendant that the two might be driven together. The defendant at that time was engaged in the business of breaking and training horses. Under the terms of their agreement the horses were to be redelivered to the plaintiff on a certain day and at a certain place. The defendant did not make delivery of the horses, and some time afterwards the plaintiff brought this action in conversion to to recover from the defendant their value in damages. The defense interposed was that the defendant had turned the horses into a pasture with other stock, and that they had by some means unknown to him escaped therefrom, and, though he had

made diligent search, had been unable to find them. The case was tried to a jury, and a verdict rendered in favor of plaintiff.

It is claimed by defendant that the evidence is insufficient to support the verdict, for the reason that it appears from the evidence that the defendant was not guilty of any negligence in the care of the horses, and that the value of the horses as found by the jury is not sufficiently established; that the witnesses who testified relative to the value were not properly qualified. The evidence respecting the value is in conflict, and the witnesses had been, we think, sufficiently qualified to testify as to value.

Counsel for defendant is correct in his assumption that the defendant in this case was not an insurer. He was a bailee for hire. Section 2491 of the Civil Code reads: "A depositary for hire must use at least ordinary care for the preservation of the thing deposited." There is not necessarily any conflict between this section and Section 2450 of the same Code. The well-known rule that a bailee for hire is charged only with ordinary care has not been changed.

The general rule relative to bailments for hire is thus stated in *Cumins* v. *Wood,* 44 Ill. 416, 92 Am. Dec. 189: "Where goods are placed in the hands of a bailee in good condition, and are returned in a damaged state, or not at all, in an action by the bailor against the bailee the law will presume negligence on the part of the latter, and impose on him the burden of showing that he exercised such care as was required by the nature of the bailment." (*Funkhouser* v. *Wagner,* 62 Ill. 59; *Beardslee* v. *Richardson,* 11 Wend. 25, 25 Am. Dec. 596; *Mills* v. *Gilbreth,* 47 Me. 320, 74 Am. Dec. 487; *Safe Deposit Co.* v. *Pollock,* 85 Pa. St. 391, 27 Am. Rep. 660; *Morris* v. *Third Avenue R. R. Co.,* 1 Daly (N. Y.), 202; 5 Cyc. Law, p. 217; *Arent* v. *Squire,* 1 Daly, 347.)

In the absence of a special contract with reference to the bailment, a bailee for hire is not liable so long as he uses ordinary care; but the burden is on him to show to the satisfaction of the court or jury that he has done this. The decisions in

*Wood* v. *Remick,* 143 Mass. 453, 9 N. E. 831, *Calland* v. *Nichols,* 30 Neb. 532, 46 N. W. 631, and *McCarthy* v. *Wolfe,* 40 Mo. 520, are not in conflict with this rule. In those cases the bailor alleged negligence on the part of the bailee as the basis of the bailor's right to recover, and the decisions are to the effect that the party must prove the allegations of his complaint on which he relies for recovery.

There is nothing in this pleading nor in the evidence by which the defendant attempts to excuse himself from making delivery by reason of the "act of God" or of "the public enemy." The question of negligence is a question of fact to be passed upon by the jury. The evidence in this case relative to the character of the defendant's fence is sufficient to sustain a finding by the jury that the pasture of the defendant in which these horses were turned was not wholly inclosed by "a good and sufficient fence;" and a pasture which is not wholly inclosed is not inclosed at all within the meaning of the law. (*Smith* v. *Williams,* 2 Mont. 195, approved in *Monroe* v. *Cannon,* 24 Mont. 316, 61 Pac. 863, 81 Am. St. Rep. 439.)

The instructions are not made a part of the judgment roll, and are not before us for consideration. (*Featherman* v. *Granite County,* 28 Mont. 462, 72 Pac. 972; *Butte Min. & Mill. Co.* v. *Kenyon,* 30 Mont. 314, 76 Pac. 696; *Glavin* v. *Lane,* 29 Mont. 228, 74 Pac. 406.)

We therefore recommend that the order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order is affirmed.

MR. CHIEF JUSTICE BRANTLY, not having heard the argument, takes no part in this decision.