# CHARLESTON.

W. J. SCHUSTER *v*. N. & W. RAILWAY COMPANY.

Submitted February 25, 1920.  Decided March 2, 1920.

1. CARRIERS—*Relation of Carrier and Passenger is personal in its Nature.*

   The relation of carrier and passenger is personal in its nature, and neither can with impunity disregard the reciprocal rights and obligations of the other. (p. 661).

2. SAME—*Personal Effects May be Carried as Baggage.*

   The passenger may, as an incident of the contract for transportation, carry with him as baggage such personal effects as are reasonably necessary for the convenience and comfort of one in his position in life and consistent with the purpose of the journey. (p. 660).

3. SAME—*Baggage Does Not Include Things Carried by Passenger as Favor to Another.*

   But the baggage service afforded by the carrier is only for the convenience of the passenger, and, except in rare cases, is limited to his own personal effects, and does not include those carried by him as a favor to another. (p. 660).

4. SAME—*Owner of Personal Effects Carried by a Passenger Cannot Recover for Loss or Injury Without Proof of Carrier's Gross Negligence or Willful Misconduct.*

   Where a passenger, without disclosing to the carrier the true ownership thereof, carries as her own baggage the personal effects of another, a relative, but not a member of her own

immediate family, and who does not accompany her on the journey, the carrier is responsible therefor only in the capacity of gratuitous bailee, and the owner cannot recover for loss or injury thereto in the absence of proof that the carrier has been guilty of gross negligence or willful misconduct. (p. 662.)

5. SAME—*Trunk Bearing Name of Owner of Effects Carried by a Passenger is Not Notice That Contents Are Not Those of Passenger.*

The mere presence of the name of the owner upon the trunk is not notice to the carrier that its contents are not those of the passenger. (p. 662).

Error to Circuit Court, McDowell County.

Action by W. J. Schuster against the Norfolk & Western Railway Company. Judgment for defendant on appeal from a decision of a justice, and plaintiff brings error.

*Affirmed.*

*Samuel Solins,* for plaintiff in error.

*F. M. Rivinus* and *Sale & Tucker,* for defendant in error.

LYNCH, JUDGE:

Plaintiff sued before a justice to recover the value of a trunk and its contents delivered for carriage as baggage from Anawalt to Gary, two stations on the line of defendant's railroad in McDowell County about fifteen miles apart. At neither station does defendant maintain a depot building or employ a baggage agent. Denied the right to have a judgment for the property or its value by the circuit court of that county, sitting in lieu of a jury with the consent of the parties, upon appeal from the decision of the justice, plaintiff prosecutes this writ here. The facts proved and not controverted, defendant offering no testimony, are few and require for decision only the application of what seem to be well established legal principles.

Until about the middle of November, 1917, and for sometime prior thereto, plaintiff and his wife and family resided with Mrs. Debo, their aunt, at Anawalt, when they decided to move and did move to Gary, and with them took all their household effects except the trunk and what it contained. These they left in the home of Mrs. Debo who later in November also went to Gary as a passenger on defendant's train, and caused the trunk and its contents to be delivered to defendant at Anawalt for

carriage to Gary, apparently as her own personal baggage, under or as an incident of the contract for her own personal transportation between the two stations, without disclosing the real ownership of the property or the character of the contents of the trunk consisting of articles usually accepted by public carriers as the baggage of a passenger. Attached to the trunk was a tag on which was written the name of the plaintiff and the destination of the trunk at the time of its delivery to defendant at Anawalt. After detailing the facts recited, Mrs. Debo says she informed the conductor in charge of the train of the destination of the trunk and requested him to have it removed from the train at Gary, who, she says, assured her the request would be complied with and later told her he had so directed the baggage master. These conversations occurred between the two stations. The instructions, if given, were disregarded by defendant's agents, and though plaintiff was at Gary to meet Mrs. Debo and receive the trunk, it was not put off at that point and never was delivered to him.

Apparently Mrs. Debo claimed no part of the property and had no interest in it other than that prompted by relationship of the parties and her desire to serve her kindred. As plaintiff alone has sued, he naturally may be presumed to be the owner of the property, though the schedule of the items and estimated single and total valuation discloses, besides cutlery and tableware, the wearing apparel of his wife and their minor children, none of whom were passengers on the train that carried Mrs. Debo and the trunk to their intended destination.

As a general rule a common carrier assumes, as an incident of its contract for the personal carriage of a passenger, no liability for his baggage other than such as he takes with him for his own personal use while on the journey undertaken by him, that is, from the time of his departure until his return, and therefore not for the property of others which he has included with his own personal baggage. As to such other property the carrier is liable only as gratuitous bailee. 4 Michie, Carriers, §§ 3431-3432; 2 Moore on Carriers (2d Ed.), p. 1297; 3 Hutchinson, Carriers (3d Ed.), § 1276. As said by Hutchinson in the section cited: "Since the carriage of baggage is incidental to the contract for the transportation of the passenger, it follows that

if the property accepted by the carrier as the personal baggage of the passenger does not belong to him, but to another with whom no contract for transportation has been made, the owner, in the absence of proof that the carrier has been guilty of negligence, cannot recover for its loss or injury. And although property not owned by the passenger, but accepted by the carrier as his personal baggage, has been lost or injured through some negligent act on the part of the carrier, if such property did not constitute, or was not properly a part of the personal baggage of the passenger, the carrier would not be liable to the owner, since he could not be charged with liability for property which, had he been informed of its true ownership, he would have had the right to refuse."

The rule thus stated is sustained by the overwhelming weight of authority and rests upon principles of justice and fair dealing. The relation of carrier and passenger is a personal one with reciprocal rights and duties. It includes provision for the transportation of the latter with such personal effects as are reasonably necessary for the convenience and comfort of one in his position in life and consistent with the purpose which prompts the journey. In no sense is it part of the agreement upon which the relation is based that the carrier will permit the passenger to carry effects not his own for the convenience of another. Such conduct is a fraud upon the carrier. The service of baggage carriage afforded by the latter is only for the convenience of the passenger, and, except in rare cases, is limited to his own personal effects and does not include those carried by him as a favor for another. An exception to the rule is recognized which permits members of the same family traveling together to carry their effects in the same trunk, or one to carry in his trunk the effects of the others. In such cases it is generally held each may recover for any loss to his baggage. 10 C. J. 1189. The closeness of the family relation and the community of property interests usually incident thereto afford ample justification for the exception. Here, however, though plaintiff and his family had resided at the home of their aunt for a short while, there was no such common family relationship as justifies a departure from the rule itself. Nor did they make the trip at the same time. Mrs. Debo followed

plaintiff and his family at an interval of nearly two weeks. Whether it would have made any substantial difference if all had made the journey together we do not now decide, as that question is not presented. Nor do we decide whether, if Mrs. Debo herself had been the owner of the trunk and of its contents, they were all of such character as properly to constitute baggage for the loss of which she could recover from defendant.

If she had informed the agents of defendant with regard to the ownership of the effects contained in the trunk, and the latter had accepted it with such information, a different rule might have applied. It is because of such knowledge on the part of the carrier that a salesman's samples, though the property of another, if accepted by the carrier with information respecting its character, may be carried as personal baggage. 10 C. J. 1194. But that information was not given here. The mere presence of plaintiff's name upon the trunk did not constitute notice to defendant that its contents were not owned by the passenger. The owner of a trunk may frequently permit it to be used by others.

From what has been said it follows that in so far as Mrs. Debo was carrying as baggage the effects of another, without disclosing such fact to the carrier or without its knowledge derived from other sources, the latter stood in relation to such property only in the capacity of gratuitous bailee, and as such is liable only for injury or loss due to its gross negligence or willful misconduct. *Lusk* v. *Block* (Okl.) 168 Pac. 430, L. R. A. 1918C 109; *Brick* v. *Atlantic Coast Line R. Co.*, 145 N. Car. 203; *Becker* v. *Great Eastern R. Co.*, L. R. 5 Q. B. 241; *Dunlap* v. *International Steamboat Co.*, 98 Mass. 371; *Pennsylvania R. Co.*, v. *Knight*, 58 N. J. L. 287; *Metz* v. *California Southern Ry.*, 85 Cal. 329; 10 C. J. 1189; 5 R. C. L. p. 178; and texts cited above. There is no proof tending to show the existence of either of these elements, and they cannot be presumed to exist from the mere fact of the loss or injury. 3 Am. & Eng. Enc. Law (2nd Ed.), p. 542. Hence there is no basis for a recovery by plaintiff.

*Affirmed.*