WILLIAM HANDLEY *vs.* JOHN F. O'GORMAN. .

JUNE 27, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Automobiles.   Bailment.   Keeper of Garage, Duty of.*

A garage keeper with whom an automobile is left for storage is bailee for hire and as such is under legal obligation to exercise such ordinary care as a man of ordinary prudence and discretion ought to exercise under all circumstances if the property were his own, although he is not an insurer.

*(2)   Automobiles.   Bailment.   Keeper of Garage, Duty of.*

It is the duty of the keeper of a garage where cars are left for storage to use ordinary care in the employment of a trustworthy servant, in charge of the garage and if he fails to do so he is responsible for the damages arising from employing an untrustworthy servant to have charge of the garage.

*(3)   Automobiles.   Keeper of Garage, Duty of.*

Where there was evidence that the keeper of a garage had knowledge that his servant who took plaintiff's car, had previously taken the car of another person and continued to employ him, motion for direction of verdict for defendant was properly denied and the case was properly submitted to the jury on the question whether defendant had exercised ordinary care in leaving the garage in the sole care and custody of the servant.

TRESPASS ON THE CASE.   Heard on exceptions of defendant and overruled.

SWEENEY, J.   This action of trespass on the case is brought to recover damages for the loss of plaintiff's automobile which was taken from the defendant's garage by his employee.

The jury returned a verdict for the plaintiff. The defendant's motion for a new trial was denied by the trial justice and the case is before this court upon the defendant's bill of exceptions.

The delaration contained several counts, one averred that it was the duty of the defendant to keep a trustworthy servant in charge of the garage, and alleged that the defendant, in violation of this duty, left an untrustworthy person in charge of the garage, who took the plaintiff's automobile. Another count averred that it was the duty of the defendant to use reasonable care to prevent the plaintiff's automobile from being taken from the garage, and alleged that the

defendant, in violation of this duty, left a man in sole charge of the garage, who was, to the knowledge of the defendant, untrustworthy and dishonest.

The plaintiff testified, by deposition, that he kept his automobile in a public garage operated by the defendant; that it was taken therefrom during the night of July 22, 1917, and never returned, and that he sustained a total loss of the automobile, but that the defendant paid him for some articles which were in the automobile at the time it was taken. The plaintiff introduced the deposition of George Mowry taken December 31, 1917, soon after he was sentenced to imprisonment for taking the plaintiff's automobile without his consent. He testified that he worked nights for the defendant at his garage; that he took the plaintiff's automobile from the garage about ten o'clock, P. M. July 22, 1917, without the owner's consent and drove it toward Boston, and abandoned it by the roadside, and that he never saw it afterwards; that he did not return to Providence until September, 1917, when he was arrested for having taken the plaintiff's car, without his consent. He further testified, that one night in April or May, 1917, while working for the defendant in his garage, he took an automobile belonging to Mr. Wellman, without his consent, and went on a "joy ride" to Scituate, and damaged the automobile, and that the defendant knew of this misconduct, and continued to employ him.

The defendant admitted that he knew that his former employee, Mowry, had taken the Wellman automobile from the garage without the consent of Mr. Wellman and that he continued to employ him after this misconduct until he took the plaintiff's automobile. He claimed that the plaintiff kept his automobile at the garage with knowledge that Mowry had taken the Wellman automobile; but it appeared on cross-examination of the defendant that the plaintiff did not hear of Mowry's taking Wellman's automobile until after his own automobile had been driven away.

At the close of the testimony the defendant moved for a directed verdict on the ground that the testimony showed that Mowry was not acting within the scope of his employment at the time he took the plaintiff's automobile. This motion was denied by the trial justice, and its denial is the reason for the defendant's first exception.

It was the duty of the defendant to use ordinary care to employ a trustworthy servant in charge of the garage, and if he failed to do so he would be responsible for the damages arising from employing an untrustworthy servant to have charge of the garage.

A garage keeper, with whom an automobile is left for storage is bailee for hire and as such is under legal obligation to exercise such ordinary care as a man of ordinary prudence and discretion ought to exercise and would be expected to exercise under all circumstances if the property were his own although he is not an insurer. Babbitt, The law applied to Motor Vehicles, Sec. 726. It has been held that a garage keeper is liable for the act of his foreman in taking a customer's car on a "joy ride" where he knows, or should have known with proper supervision, of his foreman's proclivity, to do that very thing. *Travelers In. Co. v. Fawkes*, 120 Minn. 353.

There was no error in the denial of the defendant's motion for a directed verdict as the plaintiff produced sufficient legal evidence to require the case to be submitted to the jury upon the issue of whether the defendant had exercised ordinary care and diligence, when he left his garage in the sole care and custody of his employee, Mowry. The exception is overruled.

The defendant's exceptions to the charge of the court have been considered and are found to be without merit and are overruled.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court, with direction to enter judgment for the plaintiff on the verdict.

*Claude R. Branch, Edwards & Angell,* for plaintiff.

*Lester T. Murphy,* for defendant.