## MEDES v. HORNBACH.

(Court of Appeals of District of Columbia. Submitted May 5, 1925. Decided June 1, 1925.)

No. 4187.

1. Livery stable and garage keepers ⊜—7—Evidence held to make prima facie case against garage keeper for damages to stored automobile.

Evidence showing use of car by employee of garage where it was stored, without knowledge or consent of owner, and resulting damage, *held* sufficient to make prima facie case against garage owner for damages.

2. Livery stable and garage keepers ⊜—7—Ordinary care required of garage keeper.

Keeper of storage garage chargeable only with ordinary care in employment of trustworthy servants, and in safe-keeping of cars, and is not insurer, or liable if car is stolen from garage without negligence on his part.

In Error to Municipal Court of District of Columbia.

Action by Earl E. Medes against Harry E. Hornbach, trading as the Forest Hall

Garage. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

J. W. Tomlinson, of Washington, D. C., for plaintiff in error.

T. E. Lodge, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This was an action for damages, begun in the municipal court by the plaintiff in error as plaintiff below, upon the claim that the defendant at the time in question operated a certain garage for the storage of automobiles for pay, that plaintiff rented space of the defendant and left his automobile therein in defendant's charge, that it was then the duty of the defendant to keep plaintiff's automobile at the garage, and not permit it to go out without plaintiff's consent, but that nevertheless the defendant or his agent or servant permitted the automobile to be taken from the garage without authority from plaintiff, and that it was then injured and damaged in the sum of $630, for which and other damages plaintiff prayed judgment.

The defendant pleaded, among other things, that the automobile was taken from the garage by an employee of the defendant, acting without the scope of his employment, and without the knowledge, consent, or authority of the defendant, and in violation of his orders and instructions.

The case was tried by the trial judge sitting in the case as judge and jury. At the conclusion of the plaintiff's evidence the defendant filed a motion for a "directed verdict," upon the ground that the plaintiff had failed to make out a case against the defendant, and had failed to prove any damage sustained by him resulting from any act or acts of the defendant. The court sustained the motion upon the ground stated therein, and rendered judgment for the defendant. The record is now before us for review.

The evidence for the plaintiff tended to prove that he was the owner of a certain automobile valued at about $600; that he rented storage space for it at the defendant's garage at an agreed monthly rental; that at defendant's request he left the key to the automobile in the car, so that it could be moved about in the garage, if necessary; that on a certain morning he went to the garage to get the car, and found that it had been taken out by one Carl Clarence Cook, the night man at

the garage, without plaintiff's knowledge or consent; that later he found it down town turned over and badly damaged, that Cook was then under arrest, and the car was held by the police as evidence against him. The plaintiff also introduced evidence tending to show the extent of the damage done to the car, and also other damages suffered by him by being deprived of its use at that time.

The defendant, as already stated, introduced no evidence. It is true that certain letters were appended as exhibits to his answer, but they were not placed in evidence.

[1] We think that the plaintiff's evidence made out a prima facie case for a recovery against the defendant, and called for evidence upon his part in support of his plea.

[2] It is the duty in general of one operating a garage in which automobiles are kept in storage for pay to exercise ordinary care by the employment of trustworthy servants and otherwise for the safe-keeping of the cars in his charge. On the other hand, he is not an insurer of their safety, and if a stored car is stolen from the garage without negligence upon his part, he is not in general liable to the owner for the loss. This rule likewise applies, should the thief be an employee of the person operating the garage, if the theft occurs without the connivance or negligence of the employer. Nevertheless, when the proof establishes that a stored car, while in charge of the garage keeper, has been taken out and used by an employee of the latter, without the knowledge or consent of the owner, and has been damaged by such use, such proof, standing alone and unexplained, is sufficient to make out a prima facie case for a recovery by the plaintiff. Knights v. Piella, 111 Mich. 9, 69 N. W. 92, 66 Am. St. Rep. 375; Hadley v. Orchard, 77 Mo. App. 141; Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467; Staley v. Colony Co. (Tex. Civ. App.) 163 S. W. 381; Colburn v. Art Ass'n, 80 Wash. 662, 141 P. 1153, L. R. A. 1915A, 594; Travelers' Indemnity Co. v. Fawkes, 120 Minn. 353, 139 N. W. 703, 45 L. R. A. (N. S.) 331; Handley v. O'Gorman, 45 R. I. 242, 121 A. 399.

We think that, under the rules just stated, the evidence in this case made out a prima facie case for a recovery by the plaintiff, and that it was error for the lower court to render judgment upon it for the defendant.

The judgment is reversed, at the cost of the defendant in error, and remanded for further proceedings not inconsistent herewith.