**McCOY v. MOORE.**

No. 8499.

United States Court of Appeals
District of Columbia.

Argued Jan. 17, 1944.

Decided Feb. 14, 1944.

Mr. Henry I. Quinn, of Washington, D. C., for appellant.

Mr. Frank H. Myers, of Washington, D. C., with whom Messrs. Norman B. Frost and Frederic N. Towers, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

GRONER, C. J.

This is an automobile accident case. Appellee, who was plaintiff below, was seriously injured while riding as guest passenger in an automobile driven by appellant, near Rosslyn, on Arlington Ridge Road, in Virginia. The accident happened a little after midnight. Appellant, with his friend Holloran, the owner of the car, joined appellee and her friend, Miss Hall, in a restaurant in Washington and offered to drive them to their homes in Virginia. They crossed the Potomac River over Memorial Bridge, turning right a short distance on the Virginia side to Ridge Road and heading toward Rosslyn. They had gone along that road about half the distance of a city block when the automobile ran into a telegraph pole some three feet off the left-hand side, resulting in damage to the automobile and injury to appellee, who was sitting on the front seat with the driver of the car.

At the trial appellant offered no evidence, but at the close of plaintiff's case moved for a directed verdict which the trial court refused, and at the conclusion of the entire case and after the verdict of the jury, moved unsuccessfully for judgment notwithstanding the verdict, or, in the alternative, for a new trial.

On this appeal the case turns upon whether there was sufficient evidence under the Virginia guest passenger statute to sustain a verdict for appellee. The statute [1] denies recovery in the circumstances we have here, unless the injury is caused by or results from the gross negligence of the owner or operator of the automobile. Recently in the case of Childs v. Radzevich, 78 U.S.App.D.C. ——, 139 F.2d 374, we reviewed the Virginia cases under the statute and held that by the terms of the Virginia law the owner or driver of an automobile could be held liable to a guest passenger

---

[1] Va. Code of 1942, § 2154(232).

only by satisfactory evidence showing that the injury was caused by the driver's "heedless disregard of the rights or safety" of the passenger. Applying the rule to the undisputed facts in the instant case, we have only to consider whether the evidence measures up to that standard. When the trip began it was raining and the car windows were tightly closed, resulting in the driver's view through the windshield being obscured from time to time by condensing vapor from the warmth of the car. To enable him to see at all he had to constantly wipe the windshield with one hand while driving with the other. Appellee had asked him to drive carefully. The road on the Virginia side was dark, narrow and rutted and it was "foggy in spots." During such times the visibility was almost zero. All the way over from Connecticut Avenue in Washington to Virginia there were blankets of fog. At intervals it would be clear. About a quarter of a block away from the point of the accident the fog dropped down and the driver, with fog within and fog without, could hardly see at all. He started wiping the windshield with his left hand and driving with his right. His proper position was on the right-hand side of the road. Just before the crash, and while still wiping and driving, he looked up and five feet in front of him was the telegraph pole, located some three feet off the left-hand side of the paved portion of the road. He had unwittingly gone from the right side to the left side of the road, all the while driving at a speed estimated by himself at twenty or twenty-five miles an hour, or some thirty to thirty-five feet a second. In the impact which immediately followed, the grille at the front of the car was "smashed," and the left fender and headlight torn off and the chassis bent so that the car was immovable, with the grille "buried in the pole."

On this state of the evidence the trial court, as we have seen, refused to take the case from the jury, but instructed them to find for the plaintiff only if satisfied from the evidence that the automobile was at the time of the injury being driven in such "utter disregard of prudence" as amounted to "a complete neglect of the safety" of the passengers,—or with such negligence as would "shock fair minded men." Certainly, this was fair enough to appellant, unless the facts narrated, considered in respect to the Virginia law, fail to establish a sufficient basis for a verdict. We think this is not the case. In this view we are merely applying the well established rule that where reasonably fair minded men may differ as to the conclusions of fact to be drawn from the evidence, a jury is the proper tribunal to decide the issue. Here it is obvious that the driver of the car was taking serious risks in proceeding on the trip under weather conditions which made it impossible for him at times to see the road, and the least degree of prudence would, it seems to us, have required him at such times to stop and wait until his view was unobstructed. And this is particularly true of conditions confronting him after he had left the lighted streets of the city and was on a dark, narrow and unfamiliar road. He was equally lacking in prudence in completely closing the windows of his car, so that he was constantly obliged to drive with one hand, and it was certainly dangerous in these conditions to maintain a speed so great as to cause the extensive damage to the car which the evidence shows resulted. These concurring acts of negligence when considered together easily make out a case in which a jury of fair minded men could have concluded that there was an utter disregard of the safety of his passengers.

Here, as we have shown, the evidence is uncontradicted and unimpeached. Unless, therefore, in its consideration, reasonable men can draw but one conclusion from it, the issue is for the jury and not for the court. We find nothing in 50(b) of the Rules of Civil Procedure 28 U.S.C.A. following section 723c, compelling a different result. Berry v. United States, 312 U.S. 450, 452, 61 S.Ct. 637, 85 L.Ed. 945.

Affirmed.