**BARCLAY, Inc., v. MAXFIELD.**

No. 389.

Municipal Court of Appeals for the
District of Columbia.

Aug. 14, 1946.

Rehearing Denied Nov. 1, 1946.

John L. Hamilton, of Washington, D. C.
(George E. Hamilton, Jr., of Washington,
D. C., on the brief), for appellant.

Dennis Collins, of Washington, D. C., for
appellee.

Before CAYTON, Chief Judge, and
HOOD, Associate Judge.

HOOD, Associate Judge.

Plaintiff became a tenant in defendant's apartment house on November 1, 1941. In the early part of 1943, he placed in a storage room in the basement of the apartment house a box containing certain wearing apparel. Approximately eighteen months after putting the box in storage the tenant asked for the return of the box, examined its contents and found them intact, and then returned the box to the storage room. On or about October 1, 1945, the tenant again asked for the box but, although a diligent search of the storage room was made, the box could not be found. The tenant filed an action for the value of the items in the box.

At the time of the loss of the box, and apparently throughout his tenancy, the tenant's lease contained the following provision:

"And the said Lessee hereby further agrees that the use of the lockers or storage spaces in said Apartment building is without consideration and may be discontinued at any time; and that the said lockers or storage spaces are not considered under the control or care of the said Lessor; and that the said Lessor, its successors and assigns, shall not be held liable, or responsible, and are hereby expressly relieved from any liability or responsibility for loss or damage to anything which may be placed or stored therein."

The evidence disclosed that the storage room was a large room in the basement of the building containing no individual storage lockers and the tenants were permitted to place in the room any articles they desired; that the storage room contained certain mechanical equipment used in the maintenance of the apartment building; that the room had two entrances, both of which were kept locked; and that the keys were kept by the resident manager and the elevator operator. When the tenant originally placed the box in the storage room, he went there with the elevator operator and personally placed the box on the floor of the room.

The trial court, sitting without a jury, found that the relation between the landlord and tenant with respect to the stored box was that of bailor and bailee, that because the rental schedule filed by the landlord under the District of Columbia Emergency Rent Act listed "storage locker" as one of the services supplied the tenants, the storage of goods by the landlord constituted a part, of the consideration for which rent was paid; that the bailment therefore was one for hire requiring the exercise by the landlord of ordinary care; that proof by the tenant of the delivery and failure to return the goods constituted a prima facie case; and that since the landlord offered no explanation or justification for the loss, the tenant was entitled to judgment for the value of the goods.

Although the landlord argues that no bailment existed, we think the trial court was correct in finding that the relation between the parties was that of bailor and bailee. There is no inconsistency in a landlord occupying the dual position of landlord and bailee.

We do not consider it necessary to decide whether the bailment was one for hire or was gratuitous. Assuming that the Emergency Rent Act had the effect of requiring a continuance by the landlord of the "service" of furnishing storage facilities, we do not think the Act had the effect of placing a greater responsibility on the landlord for the care of the goods than that expressly agreed upon by the parties.

If the bailment was one for hire, then the effect of the lease provision was to limit the liability of the landlord to the minimum permitted by law, that is, to limit its liability to cases of gross negligence, willful act or fraud.[1] If the bailment was gratuitous, the liability of the landlord as gratuitous bailee even in the absence of the lease provisions would be only for gross negligence, willful act or fraud;[2] and we think it would be contrary

1 Fidelity Storage Co. v. Kingsbury, 65 App.D.C. 69, 79 F.2d 705; Manhattan Co. v. Goldberg, D.C.Mun.App., 38 A.2d 172.

2 First Nat. Bank of Carlisle, Pa., v. Graham, 100 U.S. 699, 25 L.Ed. 750; Hargis v. Spencer, 254 Ky. 297, 71 S.W. 2d 666, 96 A.L.R. 903.

to public policy to permit even a gratuitous bailee to contract against his liability for such acts.

 The result is that the landlord, whether a gratuitous bailee or one for hire, under the circumstances of this case was liable only for gross negligence, willful act or fraud, and consequently the trial court was in error in holding the landlord to the standard of ordinary care. Gross negligence, like ordinary negligence, is generally a question of fact[3] and the case must be remanded for a new trial for determination of that fact.

Since the case must be retried, we find it necessary to point out what appear to be two additional errors in the reasoning of the trial court in arriving at its decision.

 In its findings of fact and conclusions of law, as well as in its memorandum on the motion for new trial, the trial court in finding for the tenant stated that the landlord "offered no explanation or justification for the loss of said articles." Apparently, it was the position of the trial court that upon plaintiff's making out a prima facie case, the defendant was required to explain or justify the loss. While it is well established that the proof of the delivery of the goods and failure of the bailee to return them makes out a prima facie case for the plaintiff,[4] even in case of a gratuitous bailment,[5] requiring the defendant to go forward with proof, such proof need not necessarily consist of an explanation or justification of the loss. Of course, if the bailee can establish that the loss was due to a cause in no way connected with the lack of proper care on his part, this will constitute a good defense; but a good defense may also be made out by affirmative proof that the bailee exercised that degree of care which the particular bailment called for even though he may not be able to explain or justify the loss.[6] Either defense presents a question of fact.

 In the memorandum on the motion for new trial, the trial court made the further statement that: "Defendant was, of course, responsible for the actions of its own employees." This statement appears too broad, for it apparently would hold a bailee responsible for all acts of its own employees; and it is established in this jurisdiction that if bailed goods are stolen by an employee of the bailee, there is no liability on the bailee if the theft occurs without his connivance or negligence.[7]

Reversed with instructions to award a new trial.

---

3 McCoy v. Moore, 78 U.S.App.D.C. 346, 140 F.2d 699; Preston v. Prather, 137 U.S. 604, 11 S.Ct. 162, 34 L.Ed. 788.

4 Commercial Molasses Corporation v. New York Tank Barge Corporation, 314 U.S. 104, 62 S.Ct. 156, 86 L.Ed. 89; Sims v. Roy, 42 App.D.C. 496; Medes v. Hornbach, 56 App.D.C. 13, 6 F.2d 711.

5 Dalton v. Hamilton Hotel Operating Co., 242 N.Y. 481, 152 N.E. 268; Thomas v. Hackney, 192 Ala. 27, 68 So. 296; Alex W. Rothschild & Co., Inc., v. Lynch, 157 La. 849, 103 So. 188; Myers v. Summerville, 90 W.Va. 486, 111 S.E. 487. Cf. Falck v. Weiss, Sup., 181 N.Y.S. 365;

O'Brien v. Vaill, 22 Fla. 627, 1 So. 137, 1 Am.St.Rep. 219; Schuster v. Norfolk & W. Ry. Co., 85 W.Va. 658, 102 S.E. 476.

6 Chesapeake & Ohio Ry. Co. v. A. F. Thompson Mfg. Co., 270 U.S. 416, 46 S. Ct. 318, 70 L.Ed. 654; Thompson v. Chance Marine Const. Co., 4 Cir., 45 F.2d 584; Rochette v. Terminal R. Ass'n, Mo. App., St. Louis Ct., 225 S.W. 1019; Sanborn v. Kimball, 106 Me. 355, 76 A. 890, 138 Am.St.Rep. 345; Shropshire v. Sidebottom, 30 Mont. 406, 76 P. 941; Dobie, Bailments and Carriers, sec. 17.

7 Medes v. Hornbach, 56 App.D.C. 13, 6 F.2d 711.