### MAXFIELD v. BARCLAY, Inc.
### No. 497.

Municipal Court of Appeals for the
District of Columbia.

May 23, 1947.

Dennis Collins, of Washington, D. C., for appellant.

---

[1] Young v. Baugh, D.C.Mun.App., 35 A. 2d 242.

[2] David v. Nemerofsky, D.C.Mun.App., 41 A.2d 838.

George E. Hamilton, Jr., and John L. Hamilton, both of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This litigation was here once before.[1] On that appeal we were called upon to review a judgment which O. E. Maxfield had recovered against his landlord, Barclay, Inc., for the value of the contents of a box which he had stored in a basement storage room in the apartment building in which he was a tenant.

In finding for the plaintiff the trial judge had found among other things that the relation between the parties with respect to the stored box was that of bailor and bailee, and that the bailment was one for hire requiring the exercise by the bailee (landlord) of ordinary care.

On the landlord's appeal from that judgment we agreed that the relation of the parties was that of bailor and bailee. We decided that under the circumstances of the case the landlord would be liable only for gross negligence, willful act or fraud; and that the trial court had erred in holding the landlord to the stricter standard of ordinary care. Accordingly we ordered a new trial for the purpose of determining the question of gross negligence.

The judge who conducted the second trial found as a fact that there had been no gross negligence, willful act or fraud, and found for defendant. Plaintiff brings this appeal.

■ As we pointed out when the case was here before "gross negligence, like ordinary negligence, is generally a question of fact * * *"[2] Therefore the question now before us is whether there was error in the finding of no gross negligence.

The evidence on the second trial disclosed that there were only two keys to the storage room, one being kept by the resident manager and the other by the elevator operator; that instructions had been given to the employees of the building that the doors of the storage room were to be kept locked at all times; that no one was to be admitted to the room except tenants of the building and those authorized to inspect or repair certain machinery therein. Defendant's manager testified that he had never noted any irregularity in the maintenance of the room and never had any knowledge of dishonesty on the part of any employees of the building, any of the men who serviced the machinery or any of the tenants; that he had visited the building on numerous occasions and had never found the doors to the storage room unlocked.

On cross-examination he testified "that it was the practice when any tenant wished to obtain goods from storage to contact either the elevator operator or the resident manager who would unlock the door and permit the tenant to enter the storage room; that the attendant would wait at the door until the tenant procured what was desired; that the attendant, whoever it might be, was not instructed or required to inspect the goods being removed in order to insure that only the goods of that tenant were being taken out; that no receipts or identifications were issued or required either for putting in or taking out stored goods." He also testified that he had about forty buildings under his supervision; that his office is some seven blocks away from this building and that he visited the building about every ten days or two weeks, always in the day time.

Plaintiff testified that prior to the loss of the goods he had on one occasion seen the storage room unlocked and had reported it to the resident manager; and that after the loss he had on several occasions seen one of the doors unlocked. He did not say who, if anyone, was in the storage room on any of these occasions; nor did he otherwise elaborate upon this testimony.

■ We cannot say as a matter of law that the evidence compelled a finding of gross negligence. We cannot say that the

---

[1] Barclay, Inc. v. Maxfield, D.C.Mun. App., 48 A.2d 768.

[2] Citing McCoy v. Moore, 78 U.S.App.

D.C. 346, 140 F.2d 699; Preston v. Prather, 137 U.S. 604, 11 S.Ct. 162, 34 L.Ed. 788.

evidence revealed such negligence on the part of defendant as would "shock fair-minded men,"[3] or that there was negligence of such magnitude as to be gross in character. We cannot say (to paraphrase a definition in a Massachusetts case[4]) that the acts or omissions of defendant reflected an absence of even slight diligence or the want of even scant care, or that defendant's supervision or lack of it amounted to negligence of so high a degree as to create liability as a matter of law, under the circumstances we have here.

Applying these legal tests and yielding, as we must, the fact-finding function to the trial court, we find no error in the judgment.

Affirmed.

---

[3] See Krueger v. Taylor, 77 U.S.App. D.C. 112, 132 F.2d 736; McCoy v. Moore, 78 U.S.App.D.C. 346, 140 F.2d 699.

[4] Altman v. Aronson, 231 Mass. 588, 121 N.E. 505, 4 A.L.R. 1185.