**STAR PONTIAC COMPANY, Inc.,**
a corporation, Appellant,

v.

**EASTERN INSURANCE COMPANY,**
Appellee.

No. 3032.

Municipal Court of Appeals for the
District of Columbia.

Argued July 9, 1962.

Decided Sept. 18, 1962.

---

James C. Gregg, Washington, D. C., with whom Hugh Lynch, Jr., Washington, D. C., was on the brief, for appellant.

Hyman L. Rosenberg, Washington, D. C., with whom Sol Friedman, Washington, D. C., and Leonard L. Lipshultz, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

An automobile belonging to appellee's insured was left with appellant for repairs. While in appellant's custody the car was stolen and later recovered in damaged condition. Appellee paid the cost of repairing the damage, became subrogated to the automobile owner's claim, and had a finding and judgment in the trial court against appellant.

Appellee's insured testified that when he returned to appellant's lot to reclaim his car, after having been notified of the theft, he saw no evidence that the car had been broken into or that the wires had been crossed. He did notice that the ignition key he had left in the car was gone and a new one inserted in its place.

Appellant's assistant service manager testified that repaired cars are kept in a yard enclosed on three sides by an eight-foot high chain link fence and by the garage on the fourth. On the morning after the theft he noticed that the gate in the fence had been damaged: a pole down the center had been pushed back and bent, the two lower hinges had been broken, and the bottom of the gate was up some three feet from the ground. However, the chain and padlock securing the gate were intact. The same witness testified that keys for cars kept in the enclosure were hung on a board inside the main building, and that anyone passing by could take these keys off. On the morning that the theft was discovered, the key to the stolen vehicle was missing from the board. New keys were made, and the original keys were never found.

There is no question on this appeal with respect to the duty of reasonable care owed by the operator of an automobile repair facility, as a bailee for hire, to the owners of automobiles left in his charge.[1] And we have many times in similar cases discussed the allocation of proof between bailor and bailee. The ultimate burden of persuasion on the issue of the bailee's negligence remains throughout upon the bailor.[2] He makes out a prima facie case by

1. Medes v. Hornbach, 56 App.D.C. 13, 6 F. 2d 711.

2. Commercial Molasses Corp. v. New York Tank Barge Corp., 314 U.S. 104, 62 S.Ct.

proving delivery of the automobile to the bailee and its subsequent loss or damage.[3] Such proof raises an inference of negligence and requires the bailee, if he is to prevent recovery by the bailor on the strength of the inference, to go forward with his own case.[4] The bailee may defend by establishing that the loss was due to a cause unrelated to a lack of proper care on his part; or, if he cannot explain or justify the loss, he may defend by showing that he exercised that degree of care which the bailment called for. But "either defense presents a question of fact." [5]

Appellant would have us hold as a matter of law that it was entitled to judgment. Its argument is that the automobile "was stolen by an unknown person, from a fenced enclosure made up of an 8 foot high chain link fence, topped by barbed wire, with a locked and chained gate, by being driven forcibly through the gate after closing hours," and that these facts established conclusively that it exercised the required degree of care and completely eliminated from the case any inference of negligence.

██ The weakness in this argument is that it assumes that the trial court found, or was bound to find, the facts to be as stated in the argument. We are not willing to hold that the trial court, on the evidence before it, was required to reach the conclusion that a thief had in some manner rammed the automobile through the padlocked gate. It could have reached this conclusion but was not bound to do so. Our conclusion is that appellant's evidence did no more than raise doubts as to its negligence. Opposed to those doubts was the inference of negligence made out in appellee's

prima facie case. Appellant's evidence may have destroyed the inference as a controlling rule of law but it did not destroy its probative weight as an inference of fact.[6] A question of fact was presented; it was decided in appellee's favor; and the record does not permit us to say that the decision was clearly erroneous.

Affirmed.

156, 86 L.Ed. 89, cited in Smith's Transfer and Storage Co. v. Murphy, D.C.Mun.App., 115 A.2d 300, 303; Firestone Tire & Rubber Co. v. Hillow, D.C.Mun.App., 65 A.2d 338; and Columbia Operating Corporation v. Kettler, D.C.Mun.App., 67 A.2d 267.

3. Smith's Transfer and Storage Co. v. Murphy, D.C.Mun.App., 115 A.2d 300; National Mortgage & Inv. Corp. v. Shulman, D.C.Mun.App., 104 A.2d 420, and cases cited therein.

4. National Mortgage & Inv. Corp. v. Shulman, D.C.Mun.App., 104 A.2d 420 and cases cited supra.

5. Barclay, Inc. v. Maxfield, D.C.Mun.App., 48 A.2d 768.

6. Smith's Transfer and Storage Co. v. Murphy, D.C.Mun.App., 115 A.2d 300.