**H. J. BANACHOWSKI, t/a National Parking Service, Appellant,**

**v.**

**Richard SAUNDERS, Appellee.**

No. 3088.

District of Columbia Court of Appeals.

Argued Dec. 3, 1962.

Decided Jan. 29, 1963.

---

3.  Mr. Justice Frankfurter concurring in Niemotko v. Maryland, 340 U.S. 268, 289, 71 S.Ct. 325, 336, 95 L.Ed. 267 (1951).

John C. Keating, Bethesda, Md., for appellant.

Allen A. Sperling, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This is an appeal by a parking lot operator from a judgment holding him liable for the destruction of a 1960 automobile left in his custody.

Appellee testified that he parked his automobile on appellant's lot, left the keys in the ignition, and told the attendant that he would reclaim it late in the evening or on the following day. For a number of months appellee had parked his automobile daily on the lot. Occasionally, he would reclaim it either late in the evening or the next day. When he did so, appellant's attendant would remove the key from the ignition and hide it, since no attendant was on duty in the evening, although the sign above the entrance to the lot announced "Eve. Parking 6 PM—Midnite." On this occasion before appellee reclaimed his automobile, it was found by the police in the early hours of the morning some blocks from the lot smashed against a tree stump, the key in the ignition.

The attendant testified that appellee did not leave the key in the car with him when he parked it in the morning; that he closed the lot at 6:45 P.M., and that he saw appellee's automobile standing alone on the lot at 7:45 P.M. Appellant argues that this testimony conclusively established that he had fully discharged his duties as bailee since there was no testimony as to when or by whom the automobile was removed from the lot, and appellee made no showing that the automobile was not on the lot at closing time. The jury was instructed that appellee was entitled to a presumption of negligence and appellant asserts that it was error to do so.

We think the court's instruction was proper. Proof of the bailment and subsequent destruction establishes a prima facie case and raises a presumption or inference of negligence. Such inference, while it does not shift the ultimate burden of proof, serves to place the burden of going forward with the evidence upon the defendant; the evidence so adduced by the defendant may serve to vitiate the inference as a controlling rule of law while not destroying its probative weight as an inference of fact.[1]

It is true that the evidence adduced by appellant raised doubt as to his negligence. But the evidence did not conclusively establish that he had discharged his duties without negligence. As was said in Star Pontiac Company v. Eastern Insurance Company, D.C.Mun.App., 184 A.2d 200, 201–202 (1962):

"* * * The ultimate burden of persuasion on the issue of the bailee's negligence remains throughout upon the bailor. He makes out a prima facie case by proving delivery of the automobile to the bailee and its subsequent loss or damage. Such proof raises an inference of negligence and requires the bailee, if he is to prevent recovery by the bailor on the strength of the inference, to go forward with his own case. The bailee may defend by establishing that the loss was due to a cause unrelated to a lack of proper care on his part; or, if he cannot explain or justify the loss, he may defend by showing that he exercised that degree of care which the bailment called for. But 'either defense presents a question of fact.'" (Emphasis added; citations omitted.)

Appellant's evidence opposed to the inference of negligence thus presented a fac-

1. Smith's Transfer and Storage Co. v. Murphy, D.C.Mun.App., 115 A.2d 300 (1955).

tual issue for the jury. Whether appellee had left the key in the ignition and whether the automobile remained on the lot until 7:45 P.M. also presented factual issues. These questions were decided in appellee's favor and we cannot say that the decision was clearly erroneous.

We need not discuss the other assignments of error.

Affirmed.