No. 11727

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

AETNA LIFE AND CASUALTY COMPANY
and DAVID MILLER,

Plaintiffs and Respondents,

-vs-

THE STAN-CRAFT CORPORATION and STAN YOUNG,

Defendants and Appellants.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellants:

Richard P. Heinz argued, Polson, Montana.

For Respondents:

Murphy, Robinson, Heckathorn and Phillips, Kalispell,
Montana.
I. James Heckathorn argued, Kalispell, Montana.

---

Submitted: April 17, 1972

Decided: JUL 1 8 1972

Filed: JUL 1 8 1972

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Appeal has been taken from the district court of the eleventh judicial district of the State of Montana, in and for the County of Flathead, following the entry of a judgment to recover the value of a certain twenty-seven foot sailboat, Corus II, which was destroyed by fire on March 9, 1966 while in the possession of the defendants for storage and repairs.

The complaint alleges defendants' negligence in the course of a bailment. Plaintiff Aetna Life and Casualty Company, sought damages of $4,500, the amount it had paid the owner, David Miller, under subrogation rights contained in an insurance policy. Plaintiff, David Miller, sought damages for the boat's value in excess of the amount paid him by the insurance company.

Defendants, Stan-Craft Corporation and its agent Stan Young, denied negligence in the care and storage of the subject of the bailment and relied upon a showing of an exercise of ordinary care for the preservation of the subject of the bailment. Defendant, Stan-Craft Corporation, also made a counterclaim upon an open account for services, storage and repairs rendered the plaintiff, David Miller, from August 8, 1965 through February 1, 1966.

The case was tried before the court without a jury on March 25, 1969, and judgment was entered on May 7, 1969. The district court found that the defendant, Stan-Craft Corporation, was negligent as a bailee and such negligence was the proximate cause of the total loss of the bailed boat. The court found that at the time of the loss of the boat, the said boat was of a reasonable value of $6,250. Judgment was entered for the plaintiff, Aetna Life and Casualty Company, in the amount of $4,500,

together with a judgment for plaintiff, David Miller, in the amount of $1,750, subject to a setoff in the amount of $1,278 in favor of defendant, Stan-Craft Corporation, on its counter-claim for repairs and dockage. The defendant, Stan Young, was found to be not negligent and was given judgment to recover his costs from the plaintiffs. After denial of defendants' motion for a new trial this appeal was taken.

Defendants have presented three issues on appeal which are as follows:

1.  The district court erred in applying the doctrine of res ipsa loquitur under the circumstances of the fire which occurred in this case.

2.  The district court erred in finding that appellant, Stan-Craft, was negligent in that the record is devoid of any evidence of negligence or of any compelling presumption to be drawn from the circumstances of the fire which destroyed plain-tiff Miller's boat.

3.  That the district court erred in awarding damages in excess of the amount Stan-Craft had reason to suppose the Miller boat to be worth in the absence of being informed by Miller of the worth claimed by him at the inception of the bailment or prior to its loss by fire.

Plaintiff, David Miller, delivered his sailboat to the defendants for repairs and dockage and it was destroyed by fire of undetermined origin during the course of the bailment. Miller argued successfully in the district court that he made out a prima facie case by establishing the delivery of the article by bailor to bailee and the subsequent failure of bailee to redeliver said article upon demand. Defendants argue that the law raises a

presumption of negligence or other fault of bailee in his failure to redeliver the bailed article, which presumption shifts the burden of going forward with the evidence to the bailee; that such burden is met on the part of the bailee by a showing of loss of the bailed article by fire occurring under circumstances consistent with the observance of due care by the bailee or by proof of the observance of ordinary care in the custody of the subject of the bailment, although the exact cause of the fire be unknown; that where such burden of going forward with the evidence is met by the bailee, the bailor has the burden of establishing negligence in the keeping of the thing bailed by a preponderance of the evidence; and that negligence may not be established by speculation or conjecture.

Defendants' chief contention is that proof of the observance of ordinary care or freedom from fault does not require proof to a certainty of the exact cause of the fire where such cause honestly cannot be known. Defendants contend that the distict court erred in applying the doctrine of res ipsa loquitur to the facts of this case in that the fire which occurred was not so unusual an occurrence that it must be said to have occurred only because someone was negligent, and that the circumstances surrounding the occurrence do not reasonably establish negligence except by mere speculation or conjecture.

On review of the record we find the district court did not apply the doctrine of res ipsa loquitur to this case. In the district court's memorandum supplementing its findings and conclusions we note that the court simply made the notation:

> "It is the Court's opinion that the destruction of the Sloop by a fire of undetermined origin resulted in a finding against the defendant corporation. The result is very similar to a

- 4 -

case of Res ipsa loquitur, due to the fact
that the defendant corporation had plaintiff's
property in its sole possession, under full
control, for a legal consideration, and the
resulting fire occurred under the circumstances."

It remains the basic law of Montana that when goods are placed in the hands of a bailee in good condition and are returned in a damaged state or not at all, in an action by the bailor against the bailee, the law will presume negligence on the part of the latter and imposes upon him the burden of showing that he exercised such care as was required by the nature of the bailment. Shropshire v. Sidebottom, 30 Mont. 406, 76 P. 941; Montana Leather Co. v. Colwell, 96 Mont. 274, 30 P.2d 473.

The degree of care required of a depositary for hire is stated in section 20-302, R.C.M. 1947 and cited in Shropshire and Rice Oil Co. v. Atlas Assurance Company, 102 F.2d 561 (Mont.):

"A depositary for hire must use at least
ordinary care for the preservation of the
thing deposited."

In Shropshire it is noted carefully that the bailee is not to be considered an insurer of the bailed articles in the absence of a special contract, however the law will presume negligence on the part of the latter, and will impose upon him the burden of showing that he exercised such care as was required by the nature of the bailment.

Defendants' urge this Court that such evidence as was produced at the trial constituted proof of due care which defendants argue has satisfied their burden of proof and that plaintiffs have not sustained the ultimate burden to prove the allegations in their complaint. Defendants have recited the evidence produced before the district court regarding the operation of the boat repair shop, cleaning procedures, wiring and heating

arrangements, and storage of supplies, all of which are offered to show the exercise of due care on the part of defendants.

The record discloses that on the day of the fire, March 9, 1966, one of defendants' employees, Jim Namen had been the only person working in the shop. He apparently had not been painting or using any type of solvent, but rather had been drafting full-size boat plans. When Namen finished his work for the day, he went home leaving the shop unlocked and unattended. Approximately one-half hour after Namen left, the fire was discovered in the shop.

The plaintiffs point out there were flammable substances such as gasoline and paint thinner in open cans in the work area of the shop and that a portion of the floor had been swept leaving a pile of chunks of wood, sawdust, grease and rags which had been used and discarded. It was also noted that the use of cigarettes was permitted although their use was cautioned and instructions were given regarding the use of fire extinguishers.

Admittedly, the cause of the fire remains a mystery to both parties as it did to the district court. However, viewing the record of the evidence produced before the district court, the court found that the defendants were negligent based upon the same record we have reviewed. Viewing the evidence and the applicable law we find that the defendants did not measurably meet the burden of proof which was placed upon them.

The circumstances of this case bear a marked similarity to the facts of the bailment set out in Shropshire regarding the loss of two bailed horses from bailee's pasture. In Shropshire this Court stated:

"There is nothing in this pleading nor in the

> evidence by which the defendant attempts to
> excuse himself from making delivery by reason
> of the 'act of God' or of 'the public enemy.'
> The question of negligence is a question of
> fact to be passed upon by the jury. The evi-
> dence in this case relative to the character
> of the defendant's fence is sufficient to
> sustain a finding by the jury that the pasture
> of the defendant in which these horses were
> turned was not wholly inclosed by 'a good and
> sufficient fence;' and a pasture which is not
> wholly inclosed is not inclosed at all within
> the meaning of the law. (Citing cases.)"

Here the evidence which bailee introduced did not over-
come the presumption of negligence imposed by the law as judged
by the trier of the facts. The bailee introduced evidence to
show that the fire probably did not start as a result of de-
fective wiring or a defective stove but does not show sufficient
exercise of due care with regard to use of gasoline, solvents,
paint thinner and disposable scraps which taken together in any
combination might produce a situation of combustible ignition
including the very act of sweeping. In addition, the existence
of cigarette use and the circumstances of open and unguarded prem-
ises were unrebutted. When all evidence by both parties is
considered in light of the presumption, we find that there is
sufficient credible evidence to support the findings of the trial
court.

Defendants' third issue testing the amount of damages
questions the district court's assessment in its finding that
the reasonable value of the boat was $6,250. In the absence of
any communicated statement of the value of the boat we look to
section 20-208, R.C.M. 1947, which states:

> "The liability of a depositary for negligence
> cannot exceed the amount which he is informed
> by the depositor, or has reason to suppose,
> the thing deposited to be worth." (Emphasis added.)

The district court heard opinion testimony of both parties

which varied from $3,500 to $7,500. The court found the reasonable value to be $6,250, a determination of fact which this Court will not disturb. Necessarily, based on opinion testimony, there was conflict in the evidence which the Court heard and upon which its determination was made. In reviewing the record we find that there was sufficient credible evidence to support the judgment. Breen v. Ind. Acc. Board, 150 Mont. 463, 436 P.2d 701; Davis v. Davis. _____Mont._____, 497 P.2d 315, 29 St.Rep. 65; Goggans v. Winkley, _____Mont._____, 495 P.2d 594, 29 St.Rep. 217.

The judgment of the district court is affirmed.

_____
Associate Justice

We concur:

_____
Chief Justice

_____,

_____

_____
Associate Justices